UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

GREGORY BROOKS,

                                        Plaintiff,

                 -against-

THE DOE FUND, INC.,
TERRY COOPER individually and in his
official capacity,
JAMES WASHINGTON individually and in
his official capacity, and
ANTHONY WIGGINS individually and in
his official capacity,

                                        Defendants.

-----------------------------------------------------------------x

Civ. No.:  17-CV-3626 (PKC)(LB)

**ECF Filed Case**

**ANSWER OF DEFENDANT
JAMES WASHINGTON**

      Defendant JAMES WASHINGTON (hereafter "Defendant") by and through his attorneys Jackson Lewis P.C., for his Answer and Defenses to the Complaint ("Complaint") of Plaintiff Gregory Brooks ("Plaintiff"), hereby states as follows:

### AS TO "NATURE OF THE ACTION"

      1.  Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except avers that Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, as codified, 42. U.S.C. §§ 2000e to 2000e -17 (amended in 1972, 1978 and by the Civil Rights Act of 1991), Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. § 1981, New York State Executive Law, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL").

### AS TO "JURISDICTION AND VENUE"

      2.  The allegations set forth in Paragraph "2" of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required,

Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except avers that Plaintiff purports to invoke jurisdiction of the Court as recited therein.

3.   The allegations set forth in Paragraph "3" of the Complaint state legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations contained in Paragraph "3" of the Complaint, except avers that Plaintiff purports to invoke jurisdiction of the Court as recited therein.

4.   The allegations set forth in Paragraph "4" of the Complaint state legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations contained in Paragraph "4" of the Complaint, except avers that Plaintiff purports to invoke jurisdiction of the Court as recited therein.

5.   The allegations set forth in Paragraph "5" of the Complaint state legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations contained in Paragraph "5" of the Complaint, except avers that Plaintiff purports to invoke jurisdiction of the Court as recited therein.

6.   Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "6" of the Complaint.

7.   The allegations set forth in Paragraph "7" of the Complaint state legal conclusions to which no response is required.   To the extent that a response is required, Defendant avers that Plaintiff is filing this case within ninety days of receiving the Right to Sue letter issued by the EEOC.

## AS TO "PARTIES"

8.   Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "8" of the Complaint, except avers that Terry Cooper is a man.

2

9.   Defendant denies the allegations set forth in Paragraph "9" of the Complaint, except avers that Defendant is a not-for-profit organization.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "10" of the Complaint, except avers that Mr. Cooper was employed by The Doe Fund and held the position of Senior CIP Dispatcher.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint, except avers that James Washington resides in the City of New York, is currently employed by The Doe Fund and holds the position of Director at The Doe Fund's Gates Avenue location.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint, except avers that Anthony Wiggins was employed by The Doe Fund and held the position of Supervisor of CIP at The Doe Fund's Harlem location.

13. Paragraph "13" of the Complaint does not require a response.

## AS TO "STATEMENT OF FACTS"

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "15" of the Complaint, except avers that Plaintiff was on parole at the time he entered the *Ready, Willing & Able* program.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint, except avers that Plaintiff was admitted to the *Ready, Willing & Able* program on June 27, 2016 and was offered a residence in Defendants' residential facility located on Gates Avenue in Brooklyn, New York.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint, except avers that the *Ready Willing & Able* program is designed to help homeless and previously incarcerated individuals rehabilitate and gain employment upon graduation from the program.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint, except avers that Plaintiff was assigned to In-House Labor from approximately July 4, 2016 through July 16, 2016.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint, except avers that trainees in the *Ready, Willing & Able* program are required to follow certain rules in order to remain eligible in the program.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint, except avers that Mr. Porter and Plaintiff discussed Plaintiff's scheduling issues.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint, except avers that Plaintiff was assigned to In-House Labor from approximately July 4, 2016 through July 16, 2016, wherein he performed custodial duties.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint, except avers that Terry Cooper held the position of Senior CIP Dispatcher.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint, except avers that Mr. Porter and Plaintiff discussed Plaintiff's scheduling issues.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint, except avers that Mr. Porter and Plaintiff discussed Plaintiff's scheduling issues.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "38" of the Complaint, except avers that Plaintiff was assigned to the Hudson Route on July 17, 2016.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "42" of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "44" of the Complaint.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint, except avers that all new trainees of the *Ready, Willing & Able* program are only allowed to leave The Doe Fund facilities for personal reasons one weekend day per weekend.

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48. Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53. Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

57. Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58. Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

61. Defendant denies the allegations set forth in Paragraph "61" of the Complaint.

62. Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

63. Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

67. Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

69. Defendant denies the allegations set forth in Paragraph "69" of the Complaint.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. Defendant denies the allegations set forth in Paragraph "71" of the Complaint.

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint.

73. Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

74. Defendant denies the allegations set forth in Paragraph "74" of the Complaint.

75. Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

76. Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

77. Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

78. Defendant denies the allegations set forth in Paragraph "78" of the Complaint.

79. Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

80. Defendant denies the allegations set forth in Paragraph "80" of the Complaint.

81. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "81" of the Complaint.

82. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "82" of the Complaint.

83. Defendant denies the allegations set forth in Paragraph "83" of the Complaint.

84. Defendant denies the allegations set forth in Paragraph "84" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff went to his wife's home to prepare a complaint about Mr. Cooper.

85. Defendant denies the allegations set forth in Paragraph "85" of the Complaint.

86. Defendant denies the allegations set forth in Paragraph "86" of the Complaint, except aver that Plaintiff was on parole at the time he entered the *Ready, Willing & Able* program.

87. Defendant denies the allegations set forth in Paragraph "87" of the Complaint.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "88" of the Complaint, except avers that The Doe Fund has a curfew for all trainees.

89. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "89" of the Complaint.

90. Defendant denies the allegations set forth in Paragraph "90" of the Complaint, except avers that Defendant met with Plaintiff to discuss Plaintiff's complaint.

91. Defendant denies the allegations set forth in Paragraph "91" of the Complaint, except avers that Defendant told Plaintiff that he sent Plaintiff's complaint to Human Resources and that Mr. Cooper would no longer be present at the Gates Avenue facility until Plaintiff's complaint was investigated.

92. Defendant denies the allegations set forth in Paragraph "92" of the Complaint, except avers that a meeting was scheduled with Plaintiff, Mr. Cooper, Mr. Washington,  and the Human Resources Department.

93. Defendant denies the allegations set forth in Paragraph "93" of the Complaint.

94. Defendant denies the allegations set forth in Paragraph "94" of the Complaint.

95. Defendant denies the allegations set forth in Paragraph "95" of the Complaint.

96. Defendant denies the allegations set forth in Paragraph "96" of the Complaint.

97. Defendant denies the allegations set forth in Paragraph "97" of the Complaint.

98. Defendant denies the allegations set forth in Paragraph "98" of the Complaint.

99. Defendant denies the allegations set forth in Paragraph "99" of the Complaint.

100. Defendant denies the allegations set forth in Paragraph "100" of the Complaint.

101. Defendant denies the allegations set forth in Paragraph "101" of the Complaint.

102. Defendant denies the allegations set forth in Paragraph "102" of the Complaint.

103. Defendant denies the allegations set forth in Paragraph "103" of the Complaint, except avers that The Doe Fund's Human Resources Department interviewed both Plaintiff and Mr. Cooper following Plaintiff's complaint.

104. Defendant denies the allegations set forth in Paragraph "104" of the Complaint, except avers that The Doe Fund's Human Resources Department interviewed both Plaintiff and Mr. Cooper following Plaintiff's complaint.

105.     Defendant denies the allegations set forth in Paragraph "105" of the Complaint.

106.     Defendant denies the allegations set forth in Paragraph "106" of the Complaint, except refers the Court to The Doe Fund, Inc.'s Policy for Late/Overnight Passes for a true and accurate account of its contents.

107.     Defendant denies the allegations set forth in Paragraph "107" of the Complaint.

108.     Defendant denies the allegations set forth in Paragraph "108" of the Complaint, except avers that Defendant told Plaintiff that he was allowed a late-night pass, but not an overnight pass.

109.     Defendant denies the allegations set forth in Paragraph "109" of the Complaint.

110.     Defendant denies the allegations set forth in Paragraph "110" of the Complaint.

111.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "111" of the Complaint.

112.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "112" of the Complaint.

113.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "113" of the Complaint.

114.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "114" of the Complaint.

115.     Defendant denies the allegations set forth in Paragraph "115" of the Complaint.

116.     Defendant denies the allegations set forth in Paragraph "116" of the Complaint.

117.     Defendant denies the allegations set forth in Paragraph "117" of the Complaint.

118.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "118" of the Complaint.

119.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "119" of the Complaint.

120.     Defendant denies the allegations set forth in Paragraph "120" of the Complaint.

121.     Defendant denies the allegations set forth in Paragraph "121" of the Complaint.

122.     Defendant denies the allegations set forth in Paragraph "122" of the Complaint.

123.     Defendant denies the allegations set forth in Paragraph "123" of the Complaint.

124.     Defendant denies the allegations set forth in Paragraph "124" of the Complaint.

125.     Defendant denies the allegations set forth in Paragraph "125" of the Complaint.

126.    Defendant denies the allegations set forth in Paragraph "126" of the Complaint.

127.    Defendant denies the allegations set forth in Paragraph "127" of the Complaint.

128.    Defendant denies the allegations set forth in Paragraph "128" of the Complaint.

129.    Defendant denies the allegations set forth in Paragraph "129" of the Complaint.

130.    Defendant denies the allegations set forth in Paragraph "130" of the Complaint.

131.    Defendant denies the allegations set forth in Paragraph "131" of the Complaint.

132.    Defendant denies the allegations set forth in Paragraph "132" of the Complaint.

133.    Defendant denies the allegations set forth in Paragraph "133" of the Complaint.

134.    Defendant denies the allegations set forth in Paragraph "134" of the Complaint.

135.    Defendant denies the allegations set forth in Paragraph "135" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

136.     Defendant denies the allegations set forth in Paragraph "136" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

137.    Defendant denies the allegations set forth in Paragraph "137" of the Complaint.

138.    Defendant denies the allegations set forth in Paragraph "138" of the Complaint.

139.    Defendant denies the allegations set forth in Paragraph "139" of the Complaint.

140.    Defendant denies the allegations set forth in Paragraph "140" of the Complaint.

141.    Defendant denies the allegations set forth in Paragraph "141" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

## AS TO "AS A FIRST CAUSE OF ACTION: DISCRIMINATION UNDER TITLE VII [NOT AGAINST INDIVIDUAL DEFENDANTS]"

142.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "141" of the Complaint, as though set forth at length herein.

143.    No response is required on the grounds that the allegations in Paragraph "143" of the Complaint are not directed to Defendant.  To the extent that the allegations in this paragraph are deemed to be directed to Defendant, Defendant denies these allegations, except refers the Court to Title VII of the Civil Rights Act of 1964 for a true and accurate account of its contents.

144.    No response is required on the grounds that the allegations in Paragraph "144" of the Complaint are not directed to Defendant.  To the extent that the allegations in this paragraph are deemed to be directed to Defendant, Defendant denies these allegations.

**AS TO "AS A SECOND CAUSE OF ACTION: RETALIATION UNDER TITLE VII [NOT AGAINST INDIVIDUAL DEFENDANTS]"**

145.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "144" of the Complaint, as though set forth at length herein.

146.     No response is required on the grounds that the allegations in Paragraph "146" of the Complaint are not directed to Defendant.  To the extent that the allegations in this paragraph are deemed to be directed to Defendant, Defendant denies these allegations, except refers the Court to Title VII of the Civil Rights Act of 1964 for a true and accurate account of its contents.

147.     No response is required on the grounds that the allegations in Paragraph "147" of the Complaint are not directed to Defendant.  To the extent that the allegations in this paragraph are deemed to be directed to Defendant, Defendant denies these allegations.

**AS TO "AS A THIRD CAUSE OF ACTION: DISCRIMINATION UNDER NEW YORK STATE LAW [AGAINST ALL DEFENDANTS]"**

148.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "147" of the Complaint, as though set forth at length herein.

149.     Defendant denies the allegations set forth in Paragraph "149" of the Complaint, except refers the Court to the New York State Human Rights Law for a true and accurate account of its contents.

150.     Defendant denies the allegations set forth in Paragraph "150" of the Complaint.

151.     Defendant denies the allegations set forth in Paragraph "151" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

## AS TO "AS A FOURTH CAUSE OF ACTION: RETALIATION UNDER NEW YORK STATE LAW [AGAINST ALL DEFENDANTS]"

152.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "151" of the Complaint, as though set forth at length herein.

153.    Defendant denies the allegations set forth in Paragraph "153" of the Complaint, except refers the Court to the New York State Human Rights Law for a true and accurate account of its contents.

154.    Defendant denies the allegations set forth in Paragraph "154" of the Complaint.

155.    Defendant denies the allegations set forth in Paragraph "155" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

## AS TO "AS A FIFTH CAUSE OF ACTION: AID AND ABET UNDER NEW YORK STATE LAW [AGAINST ALL DEFENDANTS]"

156.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "155" of the Complaint, as though set forth at length herein.

157.    Defendant denies the allegations set forth in Paragraph "157" of the Complaint, except refers the Court to the New York State Human Rights Law for a true and accurate account of its contents.

158.    Defendant denies the allegations set forth in Paragraph "158" of the Complaint.

159.    Defendant denies the allegations set forth in Paragraph "159" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

**AS TO "AS A SIXTH CAUSE OF ACTION: DISCRIMINATION UNDER NEW YORK CITY LAW [AGAINST ALL DEFENDANTS]"**

160.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "159" of the Complaint, as though set forth at length herein.

161.    Defendant denies the allegations set forth in Paragraph "161" of the Complaint, except refers the Court to the New York City Human Rights Law for a true and accurate account of its contents.

162.    Defendant denies the allegations set forth in Paragraph "162" of the Complaint.

163.    Defendant denies the allegations set forth in Paragraph "163" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

**AS TO "AS A SEVENTH CAUSE OF ACTION: RETALIATION UNDER NEW YORK CITY LAW [AGAINST ALL DEFENDANTS]"**

164.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "163" of the Complaint, as though set forth at length herein.

165.    Defendant denies the allegations set forth in Paragraph "165" of the Complaint, except refers the Court to the New York City Human Rights Law for a true and accurate account of its contents.

166.    Defendant denies the allegations set forth in Paragraph "166" of the Complaint.

**AS TO "AS AN EIGHTH CAUSE OF ACTION: AID AND ABET UNDER NEW YORK CITY LAW [AGAINST ALL DEFENDANTS]"**

167.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "166" of the Complaint, as though set forth at length herein.

168.     Defendant denies the allegations set forth in Paragraph "168" of the Complaint, except refers the Court to the New York City Human Rights Law for a true and accurate account of its contents.

169.     Defendant denies the allegations set forth in Paragraph "169" of the Complaint.

## AS TO "AS A NINTH CAUSE OF ACTION: INTERFERENCE WITH PROTECTED RIGHTS UNDER NEW YORK CITY LAW [AGAINST ALL DEFENDANTS]"

170.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "169" of the Complaint, as though set forth at length herein.

171.     Defendant denies the allegations set forth in Paragraph "171" of the Complaint, except refers the Court to the New York City Human Rights Law for a true and accurate account of its contents.

172.     Defendant denies the allegations set forth in Paragraph "172" of the Complaint, except refers the Court to the New York City Human Rights Law for a true and accurate account of its contents.

173.     Defendant denies the allegations set forth in Paragraph "173" of the Complaint.

## TO "AS A TENTH CAUSE OF ACTION: SUPERVISORY LIABILITY UNDER NEW YORK CITY LAW [AGAINST ALL DEFENDANTS]"

174.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "173" of the Complaint, as though set forth at length herein.

175.     Defendant denies the allegations set forth in Paragraph "175" of the Complaint, except refers the Court to the New York City Human Rights Law for a true and accurate account of its contents.

176.    Defendant denies the allegations set forth in Paragraph "176" of the Complaint.

**TO "AS AN ELEVENTH CAUSE OF ACTION: ASSAULT AND BATTERY [AGAINST ALL COOPER INDIVIDUALLY]"**

177.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "176" of the Complaint, as though set forth at length herein.

178.    No response is required on the grounds that the allegations in Paragraph "178" of the Complaint are not directed to Defendant.  To the extent that the allegations in this paragraph are deemed to be directed at Defendant, Defendant denies these allegations.

**TO "AS A TWELTH CAUSE OF ACTION: INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS[AGAINST ALL DEFENDANTS]"**

179.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "178" of the Complaint, as though set forth at length herein.

180.    Defendant denies the allegations set forth in Paragraph "180" of the Complaint.

181.    Defendant denies the allegations set forth in Paragraph "181" of the Complaint.

182.    Defendant denies the allegations set forth in Paragraph "182" of the Complaint.

183.    Defendant denies the allegations set forth in Paragraph "183" of the Complaint.

184.    Defendant denies the allegations set forth in Paragraph "184" of the Complaint.

**TO "AS A THIRTEENTH CAUSE OF ACTION: GENDER MOTIVATED VIOLENCE PROTECTION ACT [AGAINST ALL DEFENDANTS]"**

185.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "184" of the Complaint, as though set forth at length herein.

186.    Defendant denies the allegations set forth in Paragraph "186" of the Complaint, except refers the Court to N.Y. ADC. LAW § 8-903 for a true and accurate account of its contents.

187.    Defendant denies the allegations set forth in Paragraph "187" of the Complaint, except refers the Court to N.Y. ADC. LAW § 8-904 for a true and accurate account of its contents.

188.    Defendant denies the allegations set forth in Paragraph "188" of the Complaint, except refers the Court to N.Y. ADC. LAW § 8-905 for a true and accurate account of its contents.

189.    Defendant denies the allegations set forth in Paragraph "189" of the Complaint.

190.    Defendant denies the allegations set forth in Paragraph "190" of the Complaint.

**TO "AS A FOURTEENTH CAUSE OF ACTION: DISCRIMINATION AND RETALIATION UNDER FEDERAL LAW 42 U.S.C. Section 198 [AGAINST ALL DEFENDANTS]"**

191.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "190" of the Complaint, as though set forth at length herein.

192.    Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "191" of the Complaint, as though set forth at length herein.

193.     Defendant denies the allegations set forth in Paragraph "193" of the Complaint except refers the Court to 42 U.S.C. Section 1981 for a true and accurate account of its contents.

194.     Defendant denies the allegations set forth in Paragraph "194" of the Complaint.

195.     Defendant denies the allegations set forth in Paragraph "195" of the Complaint, except avers that Plaintiff purports to proceed as recited therein.

## AS TO "JURY DEMAND"

Defendant admits that Plaintiff purports to demand a jury trial, but denies that Plaintiff has stated a claim or is entitled to any relief whatsoever.

Defendant denies that Plaintiff is entitled to any of the relief specified in the "WHEREFORE" clause of the Complaint, to the extent that such relief relates in any way to conduct Defendant is alleged to have engaged in, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the claims for relief set forth in the "WHEREFORE" clause of the Complaint.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that he would not otherwise have.  Defendant reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

### AS AND FOR DEFENDANT'S FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

### AS AND FOR DEFENDANT'S SECOND DEFENSE

Any and all actions taken by Defendant were taken for legitimate, non-discriminatory, non-retaliatory reasons, and would have been taken regardless of Plaintiff's gender, race, or any other protected characteristic.

### AS AND FOR DEFENDANT'S THIRD DEFENSE

At all times relevant hereto, Defendant acted reasonably and in good faith toward Plaintiff and has not violated any rights held by Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

### AS AND FOR DEFENDANT'S FOURTH DEFENSE

Plaintiff's claims for damages are barred or should be reduced because he has failed to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR DEFENDANT'S FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he unreasonably failed to take advantage of The Doe Fund, Inc.'s preventive or corrective opportunities or to avoid harm otherwise.

**AS AND FOR DEFENDANT'S SIXTH DEFENSE**

Plaintiff's claims are barred and/or any recovery of damages is precluded, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

**AS AND FOR DEFENDANT'S SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

**AS AND FOR DEFENDANT'S EIGHTH DEFENSE**

Defendant's conduct, even if it occurred, amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

**AS AND FOR DEFENDANT'S NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendant and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

**AS AND FOR DEFENDANT'S TENTH DEFENSE**

Plaintiff is not entitled to recover any punitive damages against Defendant because, *inter alia*, Defendant acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful, or reckless acts or omissions.

**WHEREFORE**, Defendant respectfully requests that this Court:

1.      Dismiss the Complaint in its entirety, with prejudice;

2.      Deny each and every demand, claim, and prayer for relief contained therein;

3.      Award Defendant reasonable attorneys' fees and costs incurred in defending

against this meritless action; and

Grant such other and further relief to Defendant as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000


Dated:  August 11, 2017              By:      /s/ Lori D. Bauer_____
          New York, New York                  Lori D. Bauer
                                               BauerL@jacksonlewis.com
                                               Kevin P. Connolly
                                               Kevin.connolly@jacksonlewis.com

                                               ATTORNEYS FOR DEFENDANTS
                                               THE DOE FUND, INC. and
                                               JAMES WASHINGTON


4847-3859-4636, v. 1