## Compliance with Public Assistance is a Requirement for Staying in Shelter:

28. You must apply for, and if eligible, maintain any benefits and resources applicable to you, including but not limited to an open and active Public Assistance (PA) case with HRA.
29. You must cooperate with HRA and DHS in determining your available resources, and you must apply for and use any benefits and resources that will reduce or eliminate the need for shelter.
30. If you have earned or unearned income, you must save the amount you and your case worker have agreed upon as set forth in your ILP.

I am seeking shelter from the Department of Homeless Services. I have reviewed and have had the above "Statement of Client Rights and DHS Code of Conduct" explained to me and I understand it. These rights and responsibilities will help me achieve independence and find a permanent place to live.

### IF I DO NOT FOLLOW THE STATEMENT OF CLIENT RIGHTS AND CODE OF CONDUCT:

1. I may be required to leave the shelter and have my shelter discontinued if I do not follow this "Statement of Client Rights and DHS Code of Conduct", even if I refuse to sign this document.
2. I will not have my shelter discontinued if I cannot obey this "Statement of Client Rights and DHS Code of Conduct" due to a physical or mental impairment.
3. I have the right to challenge DHS's decision to discontinue my shelter by requesting a New York State Fair Hearing.

_Gregory Brooks_  _[signature]_  _6-28-16_
Print Name                Signature                Date

STAFF:    I have explained this form to the client.        { } Client refused to sign.

_DashaWn Burrell_  _[signature]_  _6-28-16_
Print Name                Signature                Date

04/01/13 - SA

TDF000008

| Name | Brooks, Gregory | Facility | Gates Avenue | TIP overall | 12.6 months | Current status | Inactive |
|---|---|---|---|---|---|---|---|
| Client ID / CARES | TDF-53810 / 1655738 | Program | RWA - Resident | TIP past 2 years | 12.6 months | Total admits | 1 |
| Age | 41 years | Assigned to | O'Neill Young, CM | TIP last admit | 12.6 months | Last admit | 6/27/2016 |

## Case notes for Gregory Brooks

| # | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
| 1 | 07/14/2017 | On 7/12/2017 Mr.Brooks violated curfew and was not in the facility for the 2:00am call to vacancy control. | 07/14/2017 12:25 PM | O'Neill Young | 07/14/2017 01:57 PM | Timothy Matthews |
| 2 | 07/13/2017 | Client Brooks violated curfew on 7/12/2017. Client returned to the facility at approximately 2:30 AM on 7/13/17. Client was informed by Sr. Security Officer, Eric White, that Vacancy Control had been notified of his absence and the bed was taken. Client was allowed to stay in the 1st floor lounge until the morning. Program Director met with client at approximately 7:30 AM, on 7/13/17, to inform client that he lost his bed due to violating curfew. House Manager James Stevens was also present. Client was also informed his property was still in the room and, if needed, House Manager James Stevens would assist in removing his property. Client acknowledged by stating he understood and left Director's office with James Stevens to retrieve his property. | 07/13/2017 11:19 AM | O'Neill Young | 07/13/2017 01:58 PM | James Washington |
| 3 | 07/12/2017 | The writer met with the client to develop and issue an updated bi-weekly ILP. Writer and client discussed all areas of ILP, focusing on housing search; the client will search for suitable housing and submit housing verification sheets to case manager. The client will also attend all housing appointments, including all scheduled apartment/room viewings. The writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with the case manager for scheduled progress update on 7/19/2017 at 9:00 am and to develop a new ILP on 7/26/2017 at 9:00 am. Client has failed to provide any proof of housing searches as per the previous ILP. He has a valid SEPs voucher and is encouraged to participate in the search for suitable housing while in shelter. He has agreed to provide the requested documents on Friday, July 14th, 2017 at 9pm. | 07/12/2017 08:00 AM | O'Neill Young | | |
| 4 | 07/11/2017 | Today I created and issued a door note memo informing Mr.Brooks that he must meet with me on Friday, July 14th, 2017 at 9 pm. The purpose of Friday's meeting to receive an update about his SEP's housing status. | 07/11/2017 08:33 AM | O'Neill Young | 07/11/2017 08:36 AM | O'Neill Young |
| 5 | 07/07/2017 | This morning Mr.Brooks met with me to report that he does not intend on making today's SEP's appointment. His reason is that he has a pending apartment in Brooklyn, NY. When I asked why hasn't he provided any proof of this, he replied again" I do not want anyone from here to know my business." I explained to him that without proof, he must attend housing appointments and seek opportunities on his own to remain compliant about his ILP. I further expressed to him that if evidence is not furnished by 9 pm this evening, then I would have to refer him to the local HRA to apply for a full and active PA case, he then stated he would give proof of his apartment later today. If he fails to submit the documentation, I will create and issue him the PA ILP. | 07/07/2017 12:05 PM | O'Neill Young | | |
| 6 | 07/07/2017 | Tonight Mr.Brooks met with me and provided with a letter from RBSCC Community Empowerment Center located at 90 Beaver Street, Brooklyn, NY 11206., PH # 718-366- 4300. The letter stated that he is linked to an apartment at 630 Howard Avenue in Brooklyn, NY. After review of the document, it listed his current address as 89-111 Porter Avenue, Brooklyn, NY 11237, something he attributes as a typo and the date of the letter is June 30th, 2016, another grammatical error as per Mr.Brooks. I explained to him that the paperwork would be verified on Monday, July 10th, 2017 and encouraged him to provide another document with updated information as well as the correct date. Thus far, Mr.Brooks has failed to provide satisfactory proof of housing, and in the event, this information is not valid he would then be referred to HRA to apply for full benefits. | 07/07/2017 11:09 PM | O'Neill Young | 07/07/2017 11:10 PM | O'Neill Young |
| 7 | 07/06/2017 | This morning I informed Mr.Brooks about an upcoming SEPs only room for rent located at 313 - East 176th Street Bronx NY 10457, Between Anthony Ave. & Tremont Ave. Third Floor - 2 flights Up. As a reminder of this viewing, today I created and issued a door note asking Mr.Brooks to meet with me tomorrow 7/7/2017 at 8 am, to answer any question he may have regarding this opportunity. Copies of the door note were left with front desk security for client notification and another placed on his | 07/06/2017 04:16 PM | O'Neill Young | 07/06/2017 04:18 PM | O'Neill Young |

| # | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
| | | assigned bed. Mr.Brooks will be provided travel directions as well as round trip metro cards for this appointment. | | | | |
| 8 | 06/30/2017 | This writer met Mr.Brooks to have a follow-up discussion about today's SEP's housing/room viewing. As per Mr.Brooks, today might be his last day in this shelter; he already signed his lease for his one-bed room apartment located in Brooklyn. Today he will meet with his SEP's case manager Cesar Pena at the Empowerment Center located at 90 Beaver Street, Brooklyn, NY 11206, PH#718-366-4300 EXT 1621; to complete paperwork and possibly receive his keys for the apartment. Mr.Brooks has already begun to pack his belongings and agreed to provided documentation about the apartment upon his return to the shelter later this evening. | 06/30/2017 09:52 AM | O'Neill Young | 06/30/2017 09:56 AM | O'Neill Young |
| 9 | 06/30/2017 | Tonight Mr.Brooks met with this writer to report that he will receive his apartment keys this coming week, but couldn't give a specific date. He also failed to provide any verifiable proof of this apartment, and when asked about the paperwork, he stated: " I don't want this place to sabotage what I'm doing". He exited the office and returned to his room refusing to re-engage in any conversation about his supposed moveout. After the ten pm bed count, This writer created a memo informing him that the DHS analyst will be present this Monday, July 3rd,2017. | 06/30/2017 10:57 PM | O'Neill Young | | |
| 10 | 06/28/2017 | The writer met with the client to develop and issue an updated bi-weekly ILP. Writer and client discussed ILP and each specific activity. The writer also emphasized the importance of complying with all areas and how this will aid the client moving forward with his goals. The writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with the case manager for scheduled progress update on 7/5/2017 at 9:00 am and to develop a new ILP on 7/12/2017 at 9:00 am. | 06/28/2017 11:35 AM | O'Neill Young | | |

| # | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
| 11 | 06/27/2017 | This writer met with Mr.Brooks in the first-floor lobby area on his way out the building. During the brief conversation, Mr.Brooks stated that he received the memo informing of the upcoming SEPS housing opportunity this Friday, June 30th,2017; however, he feels this viewing is a waste of his time. He further reported that his case manager at his program is helping him secure an apartment utilizing the SEPs voucher and as per him is waiting to sign the lease. This writer asked for more information about this supposed apartment, and he stated he would provide documentation later this afternoon. | 06/27/2017 09:16 AM | O'Neill Young | | |
| 12 | 06/26/2017 | Today this writer created an issued a memo for a SEP housing viewing this Friday, June 30th,2017 at 12 pm, located at 313 East 176th Street, Bronx, NY 10457. This writer has informed Mr.Brooks that he must meet with staff tomorrow June 27th,2017 to discuss the particulars regarding this opportunity. This is the second viewing Mr.Brooks is scheduled to attend; the first was on 6/12/2017, and he failed to appear for the appointment and later stated that he 'Google earthed the location and felt the neighborhood was to ghetto.' This writer counseled him about his feelings about the SRO and reiterated the importance of going to all future viewings. | 06/26/2017 05:32 PM | O'Neill Young | | |
| 13 | 06/16/2017 | This morning Mr.Brooks met with this writer to report that he accepted an SEPS approved one-bed room apartment in Brooklyn, NY and is now waiting to sign the lease. This author has asked him to provide detailed information about the apartment such as its location when he returns to the facility tonight. | 06/16/2017 09:40 AM | O'Neill Young | 06/16/2017 09:42 AM | O'Neill Young |
| 14 | 06/14/2017 | The writer met with the client to develop and issue an updated bi-weekly ILP. Writer and client discussed ILP and each specific activity. The writer also emphasized the importance of complying with all areas and how this will aid the client moving forward with his goals. The writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with the case manager for scheduled progress update on 6/21/2017 at 9:00 am and to develop a new ILP on 6/28/2017 at 9:00 am. | 06/14/2017 02:03 PM | O'Neill Young | | |
| 15 | 06/12/2017 | On 6/7/2017 this writer created and issued a SEP housing memo informing Mr.Brooks of an available SRO located at 313- 176th Street, Bronx, NY 10457. The housing tour was scheduled for the following day 6/8/2017 at 11 am. As such, Mr.Brooks received additional information regarding the opportunity, metro cards residency letter, and travel directions to assist him better attending this meeting on time. Today, this | 06/12/2017 04:39 PM | O'Neill Young | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | writer met again with Mr.brooks to get an update on the appointment; however, Mr.brooks stated he never attended because he overslept and offered no further explanation. This writer attempted to re-engage him, but he went to his room and refused to acknowledge staffs presence. This writer will make administration aware of Mr.Brooks attitude toward housing and schedule a case conference to discuss the matter further. | | | | |
| 16   06/07/2017 | Today this writer created an issued a memo informing Mr.Brooks of a housing opportunity that accept the SEPS voucher. The housing viewing is located at 313- 176th Street, Bronx, NY 10457 tomorrow June 8th,2017 from 11 AM to 1 PM. It is within an SRO building with a bathroom & Kitchen in the hallway. The reported rent is only $800.00 per month. This writer will make efforts to contact Mr.Brooks in addition to leaving the memo is on his assigned bed and with the front desk security. | 06/07/2017 12:08 PM | O'Neill Young | | |
| 17   06/01/2017 | This morning Mr.Brooks met with this writer to provide a copy of his HRA BTW memo reminding him of an upcoming appointment through Career Advance on 6/26/2017. During the meeting, this writer asked about the Budget letter, which was requested the previous week and he stated that he forgot to ask for it. This writer explained that he was encouraged on two separate occasions to furnish the document and he has yet to do so. Mr.Brooks has a clear understanding that if he fails to provide the requested form by the next ILP meeting that he will be deemed non-compliant until he complies with this task. | 06/01/2017 12:08 PM | O'Neill Young | | |
| 18   05/31/2017 | The writer met with the client to develop and issue an updated bi-weekly ILP. Writer and client discussed all areas of ILP, focusing on rules and regulation and the importance of following the rules and regulations while residing in a DHS shelter. The writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with the case manager for scheduled progress update on 6/7/2017 at 11:00 am and to develop a new ILP on 6/14/2017 at 11:00 am. | 05/31/2017 12:14 PM | O'Neill Young | | |
| 19   05/27/2017 | On 5/26/2017 this writer met with Mr.Brooks to request an updated budget letter. While in the office, he provided a copy of his B2W appointment for earlier in the day at the FEDCAP career site A, located at 369 E 148th 1st.Floor, Bronx, NY 10455. He stated he would obtain the requested document during his next visit to the HRA on Wednesday, June 1st,2017. | 05/27/2017 11:13 AM | O'Neill Young | | |
| 20   05/23/2017 | On 5/22/2017 during the evening facility drug sweep, Mr.Brooks refused to submit to a urine and breathalyzer when directed. Staff present during the sweep observed Mr.Brooks becoming belligerent while refusing to provide a sample, making inappropriate remarks about the facility and other clients in the area. Staff attempted to remind him that upon being accepted to the shelter that he signed in acknowledgment several documents making him aware he must give samples whenever requested, and that failure to do so will result in further disciplinary action. In addition to his refusal to submit to drug screening, Mr. Brooks is noncompliant with regard to his ILP, specifically the benefits component, which stipulates he must make his CM aware of any changes to his PA case. On 5/12/2017, this writer met with Mr.Brooks to request a copy of his most recent budget letter, he agreed to provide the document by the following week but failed to comply. Since then, Mr.Brooks has ignored several memos, door notes, and appointment notices making him aware of the need to meet with social service staff to address these ongoing concerns. This writer will make the administration aware of issues surrounding his case in hopes of scheduling a case conference to resolve these matters hopefully. | 05/23/2017 03:12 PM | O'Neill Young | | |
| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
| 21   05/17/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 5/17/2017-5/31/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm.Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 5/24/2017 at 9:00 am and next ILP review on 5/31/2017 at 9:00 am. | 05/17/2017 03:06 PM | O'Neill Young | | |
| 22   05/17/2017 | | | | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | Housing- Seek and accept first suitable housing offer. You understand that you are expected to accept any appropriate housing opportunity that may present itself while residing at this facility Benefits- Client will make his CM aware of any changes to his Medicaid case. Savings-Client will adhere to the Doe fund savings policy and refrain from unnecessary withdrawals. Substance/alcohol abuse-Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 5/31/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | 05/17/2017 03:06 PM | O'Neill Young | | |
| 23  05/06/2017 | Tonight this writer met with Mr.Brooks to ask about his employment status. He reported that he was terminated a month ago because of an injury he sustained at work. This author asked him why did he continue to request late passes if in fact he was no longer employed, and he stated: "Because no one is helping me find an apartment." He refused to speak further about the passes. Instead, he continued complaining about his room change, and the fact we (Shelter staff) weren't doing enough to secure him an apartment during his employment. He reported he would meet with either the APD or PD this coming Monday, Monday, May 8th,2017 to discuss the matter. This writer reiterated the importance of working with his case manager and communicating with staff, who are willing to assist him while in the shelter. This writer will make the APD aware of Mr.Brooks request to meet this Monday, May 8th,2017. Before the meeting concluded, Mr.Brooks received a copy of the reminder memo informing him of this Monday's appointment at the Porter Avenue site with Mr.Damon Dorsey. | 05/06/2017 12:54 AM | O'Neill Young | 05/06/2017 09:58 AM | O'Neill Young |
| 24  05/05/2017 | The writer will leave a memo for house manager to provide to the client regarding his employment. The client must provide proof of employment and proof of schedule. The client will be informed that if he does not provide proof as agreed client will no longer receive employment passes. While reviewing WMS writer noticed client has applied for full benefits. The last time client did this he was no longer employed. Clients case manager will be in the facility tomorrow morning 5/6/2017. The client will receive a memo for a meeting with his case manager on 5/6/2017 at 9:00 am to provide the documentation discussed. | 05/05/2017 05:21 PM | Timothy Matthews | | |
| 25  05/03/2017 | Housing- Seek and accept first suitable housing offer. You understand that you are expected to accept any appropriate housing opportunity that may present itself while residing at this facility. You must show proof of viewing 3 apartments/rooms per week; examples of required proof could be a completed housing log given to the case manager, business cards from brokers, apartment listings. You must also provide proof of search at next scheduled meeting on 5/17/2017 at 9:00am Job /Training- : Client must provide paystubs as proof of employment at next scheduled meeting on May 17th, 2017 at 9:00am Job/Training follow up; client failed to provide proof of on-going employment (Paystubs) as per the previous ILP. Benefits- Client will make his CM aware of any changes to his Medicaid case. Savings- Client has agreed to save $180.00 on a bi-weekly basis towards independent living and provide proof of savings at next scheduled meeting on 5/17/2017 at 9:00am. Savings follow-up; Client has failed to provide proof of savings as per the previous ILP. He stated he will give a copy of his bank statement during the follow up ILP meeting on 5/10/2017. Substance/alcohol abuse-Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 5/17/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | 05/03/2017 08:08 AM | O'Neill Young | | |
| 26  05/03/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 5/3/2017-5/17/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his | 05/03/2017 08:09 AM | O'Neill Young | | |

| | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
| | | signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm. Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 5/10/2017 at 9:00 am and next ILP review on 5/17/2017 at 9:00 am. | | | | |
| 27 | 05/02/2017 | Today this writer will create a memo informing Mr.Brooks of the need to meet with social service staff on Wednesday, May 3rd,2017. The purpose of the meeting is to request proof of continued employment. On 5/1/2017, this writer checked WMS, which indicated that on 4/25/2017, Mr.brooks re-applied for a full and active PA case and the last time he did this, it became apparent he was no longer employed. As such, Mr.Brooks must show verifiable proof to continue receiving curfew extensions. Mr.Brooks will be required to give a copy of his most recent pay stub and savings during tomorrow's meeting. | 05/02/2017 01:12 PM | O'Neill Young | | |
| 28 | 05/02/2017 | On 5/1/2017 this writer Mr.Brooks to inform him that his room on the third floor would be changed to an available one on the first floor. He reported that he didn't have an issue with the re-assignment but stated that he needed to focus more on locating another housing unit as soon as possible. Mr.Brooks will meet with this writer for an ILP update on Friday,May 5th,2017. | 05/02/2017 11:19 AM | O'Neill Young | 05/02/2017 11:20 AM | O'Neill Young |
| 29 | 04/22/2017 | This writer met with Mr.Brooks to ask about when he would be able to re-apply for a Medicaid/Benefit and when he would be able to apply for a birth certificate or go to the office of vital records. This writer will follow up on Wednesday, April 26th,2017 during the weekly follow-up meeting. | 04/22/2017 01:02 AM | O'Neill Young | | |
| 30 | 04/19/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 4/19/2017-5/3/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm.Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 4/26/2017 at 9:00 am and next ILP review on 5/3/2017 at 9:00 am. Topics discussed; Housing- Seek and accept first suitable housing offer. You understand that you are expected to accept any appropriate housing opportunity that may present itself while residing at this facility You must show proof of viewing 3 apartments/rooms per week; examples of required proof could be a completed housing log given to the case manager, business cards from brokers, apartment listings. You must also provide proof of search at next scheduled meeting on 5/3/2017 at 9:00am Job /Training- : Client must provide paystubs as proof of employment at next scheduled meeting on May 3rd, 2017 at 9:00am Medical-Client will take a TB test on the Project Renewal Medical Van on 4/24/2017 at 4:00pm and will return for TB reading and results on 4/27/2017 at 4:00pm Benefits- Client will make his CM aware of any changes to his Medicaid case. Savings-Client will adhere to the Doe fund savings policy and refrain from unnecessary withdrawals. Substance/alcohol abuse-Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 5/3/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | 04/19/2017 08:07 AM | O'Neill Young | | |
| | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
| 31 | 04/05/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 4/5/2017-4/19/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm.Writer has explained that failure to comply with the completion of this plan could | 04/05/2017 10:18 AM | O'Neill Young | | |

| # | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
| | | result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 4/12/2017 at 9:00 am and next ILP review on 4/19/2017 at 9:00 am. Topics discussed; Housing- Seek and accept first suitable housing offer. You understand that you are expected to accept any appropriate housing opportunity that may present itself while residing at this facility Job /Training- : Client must provide paystubs as proof of employment at next scheduled meeting on Apr 19, 2017 at 9:00am. Benefits- Client will make his CM aware of any changes to his Medicaid case. Savings-Client will adhere to the Doe fund savings policy and refrain from unnecessary withdrawals. Substance/alcohol abuse-Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 4/19/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | | | | |
| 32 | 03/23/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 3/22/2017-4/5/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm.Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 3/29/2017 at 11:00 am and next ILP review on 4/5/2017 at 9:00 am. Topics discussed; Housing-You must show proof of viewing 3 apartments/rooms per week; examples of required proof could be a completed housing log given to the case manager, business cards from brokers, apartment listings. You must also provide proof of search at next scheduled meeting on 4/5/2017 at 9:00am Job /Training-Client must provide paystubs as proof of employment at next scheduled meeting on Apr 5, 2017 at 9:00am Benefits- Client will maintain an active Medicaid case and will inform his case manager of any changes. Savings-Client will adhere to the Doe fund savings policy and refrain from unnecessary withdrawals. Substance/alcohol abuse-Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Client will attend substance abuse treatment as scheduled at CSEDNY on 3/22, 3/24and 3/27 /2017 at 11:00am until 12:00 pm. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 4/5/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | 03/23/2017 09:24 AM | O'Neill Young | | |
| 33 | 03/13/2017 | Today I with Mr.Brooks to discuss his failure to provide any proof of savings as per the previous ILP's. This writer expressed the importance of becoming compliant with the ILP and to make staff aware of issues preventing him from giving proof of savings as requested. I reiterated that savings could be furnished in the following forms; Postal money order, Atm receipt or bank statement (indicating growth in the account balance). Mr.Brooks signed a memo agreeing to comply with this request by the next scheduled ILP meeting on 3/22/2017. | 03/13/2017 12:43 PM | O'Neill Young | | |
| 34 | 03/08/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 3/8/2017-3/22/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm.Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 3/15/2017 at 9:00am pm and next ILP review on | 03/08/2017 08:50 AM | O'Neill Young | | |

| # | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
| | | 3/22/2017 at 9:00 am. Topics discussed; Mr.Brooks was told he must meet with the Admin Asst to take an employment picture, he agreed to meet with Ms.Talip on 3/9/2017. Job /Training-Client is gainfully employed through 4c's in Brooklyn,NY. He will submit his most recent paystub on 3/22/2017. Benefits- Client will maintain an active Medicaid case and will inform his case manager of any changes. Savings-Client will adhere to the Doe fund savings policy and refrain from unnecessary withdrawals. Client will provide proof of savings on 3/22/2017. Savings follow up- Client has failed to provide proof of savings as previously agreed. Substance/alcohol abuse-Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Substance/Alcohol Abuse- Client will attend substance abuse treatment at Realization Center, 175 Remsen St Brooklyn NY 11201 according to his assigned schedule. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 3/22/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | | | | |
| 35 | 03/04/2017 | Mr.Brooks met with this writer to give his most recent pay stub and proof of housing searches. He has been issued a new search form and will provide an update during the next scheduled ILP | 03/04/2017 10:32 AM | O'Neill Young | | |
| 36 | 02/20/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 2/27/2017-3/6/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm.Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 2/27/2017 at 9:00am pm and next ILP review on 3/6/2017 at 9:00 am. Topics discussed; During the meeting, Mr.Brooks met with this writer to receive his most recent paystub. Mr. Brooks is actively seeking for suitable housing and is conducting weekly searches. He has an active LINC voucher, and SEPS voucher is working with staff to secure permanent placement. Housing: Client will submit proof of completing (10) housing searches by the next scheduled ILP on 3/6/2017 at 9am. Housing follow up-Client has failed to provide proof of searches as per the previous ILP. Job /employment-Client is employed FT through 4C foods in Brooklyn as a stock loader earning $11.00 per hr. Client will provide a copy of his most recent paystub on the next scheduled ILP meeting on 2/27/2017 at 9am. Client will also provide proof of savings on the next ILP 3/6/2017 at 9am. Job/employment follow up- Client has failed to submit proof of employment (Paystub) as per the previous ILP. Benefits- Client will maintain an active Medicaid case and will inform his case manager of any changes. Savings-Client has agreed to save $180.00 on a bi-weekly basis towards independent living and provide proof of savings at next scheduled meeting on 3/6/2017 at 9:00am. Savings follow up- Client failed to provide any proof of savings as previously agreed. Substance/alcohol abuse-Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 3/6/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | 02/20/2017 09:49 AM | O'Neill Young | | |
| 37 | 02/10/2017 | Mr.Brooks met with this writer to receive his most recent paystub. Mr. Brooks is actively seeking for suitable housing and is conducting weekly searches. He has an active LINC voucher, and SEPS voucher is working with staff to secure permanent placement. | 02/10/2017 11:24 AM | O'Neill Young | | |
| 38 | 02/02/2017 | The client met with case manager to review, update and develop his bi weekly ILP dated for 2/2/2017-2/16/2017. As stipulated in the ILP, Client has agreed to comply with all terms. Client will adhere to all terms of his | 02/02/2017 12:03 PM | O'Neill Young | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | signed Code of Conduct and CARF. Client will attend all scheduled meetings with Case Manager. Client will also comply with DHS curfew policy by signing for his bed every evening by 10:00 pm. Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 2/9/2017 at 9:00am pm and next ILP review on 2/16/2017 at 9:00 am. Topics discussed; Client seemed agitated during the meeting. He reported being upset because he felt staff wasn't doing enough to assist him in securing suitable housing. This writer asked if he completed the housing search forms given to him the last ILP meeting and he responded "No". Housing: Client will submit proof of completing (10) housing searches by the next scheduled ILP on 2/16/2017 at 9am. Housing follow up-Client has failed to provide proof of searches as per the previous ILP dated 1/19/2017-2/2/2017. Job /employment-Client is employed FT through 4C foods in Brooklyn as a stock loader earning $11.00 per hr. Client will provide a copy of his most recent paystub on the next scheduled ILP meeting on 2/16/2017 at 9am. Client will also provide proof of savings on the next ILP 2/16/2017 at 9am. Job/employment follow up- Client has provided his most recent paystub but failed to provide proof of savings stating "I didn't get a chance to go to the bank". Benefits- Client will maintain an active Medicaid case and will inform his case manager of any changes. Substance/alcohol abuse- Client will adhere to the facility drug testing policy by submitting to a urinalysis as requested. Client will also submit to a breathalyzer as requested. Client will refrain from using illegal substances and alcohol. Client is compliant thus far with this component and will continue to random testing. Client has a clear understanding of the facilities drug testing procedure. Health and safety- Client will keep bed and locker area clean at all times. During the weekly room inspection this writer observed clients living area to be cluttered, after communicating this to him, he removed the additional items as agreed. Meeting-Client agreed to meet with this writer for an ILP update on 2/16/2017 at 9:00 am. Rules and Regulations- Client will adhere to the 10pm curfew as well as sign for bed on a nightly basis. | | | | |
| 39  01/31/2017 | The writer met with the client to discuss savings and housing. The client provided proof that he is qualified for SEPS. The writer explained that it is the client's responsibility to view at least three units a week and provide proof of housing search by submitting housing search verification forms. The writer also reminded the client that he must also provide proof of savings. Client state that he has a unit to view and will follow up with case manager regarding this viewing. Writer assured the client that we would also assist the client with his housing search needs. The writer has a few broker that I will reach out to regarding client active SEPS voucher. | 01/31/2017 04:42 PM | Timothy Matthews | | |
| 40  01/23/2017 | Mr. Brooks is still employed with 4C Foods Corp and is continuing to provide current paystubs. | 01/23/2017 03:22 PM | O'Neill Young | | |
| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
| 41  01/19/2017 | The client provided proof of employment and savings and is in compliance of ILP dated 1/5/2017 to 1/19/2017. Writer and client developed a new ILP which indicated, the client must continue to provide proof of employment (paystubs) at scheduled meeting on 1/26/2017 at 9:00 am. Also, mentioned client would search and view three apartments or rooms per week and provided proof of those searches at next scheduled meeting on 2/3/2017 at 9:00 am, he has since given a copy of his SEPS housing voucher and will utilize that document in his housing searches as well. Client was also advised to comply with savings and provide proof of savings at next scheduled meeting on 2/3/2017 at 9:00 am. . Writer has explained that failure to comply with the completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 1/26/2017 at 9:00 am and next ILP review on 2/3/2017 at 9:00 am. | 01/19/2017 10:16 AM | O'Neill Young | | |
| 42  01/05/2017 | The client provided proof of employment and. Client is in compliance of ILP dated 12/15/2016 to 12/29/2016. Writer and client developed a new ILP which indicated, the client must continue to provide proof of employment (paystubs) at scheduled meeting on 1/12/2017 at 9:00 am. Client was also advised to comply with savings and provide proof of savings at next scheduled meeting on 1/12/2017 at 9:00 pm. Client was informed writer will be assisting client with his issues and concerns until he is assigned a new case manager. Writer also discussed the importance of complying with all areas of current ILP. Writer has explained that failure to comply with the completion of this plan could | 01/05/2017 04:45 PM | Timothy Matthews | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. The client will meet with writer for a progress update on 1/12/2017 at 9:00 am and next ILP review on 1/19/2017 at 9:00 pm. | | | | |
| 43 12/23/2016 | The writer met with client to discuss a new subsidy that DHS has informed us about. The subsidy is Home for the Holidays. The client was provided a fact and a Q and A sheet about the program. The client was informed that if he has family that he can return to he would be eligible for the benefits discussed in the brochure that client was provided. Client informed writer that he would follow up on Tuesday 12/27/2016. Client stated that he would reach out to family member and see if this is something they would be willing to do. | 12/23/2016 03:48 PM | Timothy Matthews | | |
| 44 12/23/2016 | Client was laid off for a two week period; however, his employment has been restored since then. | 12/23/2016 04:15 PM | Dashiell Porter | | |
| 45 12/18/2016 | Case Manager met with client to discuss client's status. Client was questioned on why he did not provide a pay stub as previously agreed when it was learned that client had been re-hired after having been laid for a two week period. CM had issued client a LINC V appointment without knowledge of client's lay-off. This caused confusion in the process because during the time of his lay-off, client had re-applied for public assistance, making his LINC application void. It was then that CM learned client had been unemployed. CM then requested that client supply proof of employment via letter or pay stub or work schedule. Client stated he would be getting paid on Friday, Dec. 17, 2016 and CM would receive a copy of the pay stub. Client has not supplied said copy as of yet. CM will monitor this week. | 12/19/2016 11:29 AM | Dashiell Porter | | |
| 46 12/15/2016 | Case manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on Health and Safety; Writer emphasized the importance of keeping living area up to DHS standards. Case Manger began discussion surrounding client's failure to communicate that he had been laid off for two weeks during the time he was to be sent to apply for the LINC voucher. Case Manager emphasized the fact that the client / case manager relationship is supposed to be a collaborative effort rather than one way, and that communication is important during this process. Case Manager strongly urged client to try to improve his efforts at communication. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on Dec 22, 2016 at 12:20 pm, and again on Dec 29, 2016 at 12:20 pm for the development of a new ILP. | 12/15/2016 04:32 PM | Dashiell Porter | | |
| 47 12/12/2016 | Case Manager met with client to discuss the outcome of his LINC V appointment of Dec. 3, 2016. Client was questioned as to the development of his visit. Client responded that "nothing happened. The guy said he couldn't help me." When asked why that was the case, client finally spelled out that he had actually been laid off from his employment two weeks prior to the appointment, along with 70 other employees, and had went down to HRA to apply for full benefits, and that his new application process had not been carried out to its completion. This was done without Case Manager's knowledge. In other words, client never informed Case Manager that he had been laid off from his job, and that he had applied for full benefits the week before. Client was asked why he had not reported back with the results of his LINC visit. Client stated he felt he was sent on a wild goose chase. CM interjected that client had not followed protocol, and proceeded out of sequence, throwing the process off. CM lamented that the HRA worker was correct in his findings because client needed to wait for the outcome of having applied for full benefits. Client reports that he has since been rehired by the 4-C company and that he is expecting a paycheck this week. Client was asked to produce a copy of this pay stub so that CM can have him rescheduled for LINC. CM to follow up during the coming week. | 12/13/2016 05:07 PM | Dashiell Porter | | |
| 48 12/11/2016 | Client has not reported to Case Manager to inform him of the outcome of the LINC V appointment made for client on Dec. 3, 2016 between 9:00 am and 12:00 noon. Client will be left a memo to meet with Case Manager tomorrow, Dec. 12, 2016 at 11:00 am. Client must produce documentation showing he has been to his LINC appointment, or provide pertinent information as to why he was unable to do so, if that is the case. Case Manager will follow up tomorrow by the close of business. | 12/11/2016 11:59 AM | Dashiell Porter | | |
| 49 12/04/2016 | | | | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | Case Manager met with client on 12/2/16 to follow-up with client on his scheduled LINC appointment for Saturday, Dec. 3, 2016 between the hours of 9:00 am and 12:00 noon. Case Manager presented client with his LINC package and directions on the location of his appointment, which was 109 E. 16th street in Manhattan. Client stated he would be able to find his way, but Case Manager gave directions nevertheless. Client was asked to bring back any paperwork that was given to him as proof off having kept his appointment. Client stated he would, and the session ended. CM to follow-up during the coming week. | 12/04/2016 09:05 AM | Dashiell Porter | | |
| 50  12/01/2016 | Case manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on Health and Safety; Writer emphasized the importance of keeping living area up to DHS standards. Case Manger began discussion surrounding client's efforts with regard to plotting his live-out plan since client will be sent to apply for a LINC voucher on Saturday, Dec.3, 2016. CM added that client has to reconsider some of the extra expenses that will come with this move, and that he should be investing in his extra savings to off-set these costs. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on Dec. 8, 2016 at 12:20 pm and again on Dec. 15, 2016 at 12:20 pm for the development of a new ILP. | 12/01/2016 04:58 PM | Dashiell Porter | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| 51  11/23/2016 | Case Manager met with client to discuss the need for client to supply a pay stub covering the weeks of Oct. 27, 2016 and Nov. 17, 2016 in order to facilitate the process of scheduling his LINC V appointment for this coming Saturday. Client stated he has misplaced them, but he will speak with his employer to see if they can print them out again. Client also stated he is affiliated with another program, and may have submitted it to them since they are the ones that help him secure employment. Case Manager expressed the importance of supplying these documents if he wants to expedite his proceedings. CM will monitor the matter over the coming days. | 11/23/2016 03:08 PM | Dashiell Porter | | |
| 52  11/23/2016 | Client has maintained his employment with the 4-C Food Corps since August 30, 2016, his original date of hire. | 11/23/2016 12:29 PM | Dashiell Porter | | |
| 53  11/21/2016 | Client is currently employed by 4C Foods Corp, Address 580 Fountain Ave Brooklyn NY 11208 Contact Number (718) 272-4242. Client has submitted a verifiable work schedule. Client will be given a late-pass until 2:00 am. Passes cover Nov. 21, 2016 - Nov. 24, 2016. | 11/21/2016 06:46 PM | Dashiell Porter | | |
| 54  11/17/2016 | Case manager met with client to discuss weekly progress and issue current non- compliant ILP. Writer and client discussed all areas of ILP, focusing on meetings; writer emphasized the importance of attending all scheduled meetings and appointments in regards to being in compliance with ILPs. Case Manager congratulated client on starting to supply pay stubs, as well as proof of savings on a weekly basis, and the need to continue to do so. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on Dec. 1, 2016. | 11/17/2016 08:10 PM | Dashiell Porter | | |
| 55  11/16/2016 | Client is currently employed by 4C Foods Corp, Address 580 Fountain Ave Brooklyn NY 11208 Contact Number (718) 272-4242. Client has submitted a verifiable work schedule. Client will be given a late-pass until 2:00 am. Passes cover Nov. 16, 2016 - Nov. 19, 2016. | 11/16/2016 07:43 PM | Dashiell Porter | | |
| 56  11/06/2016 | Client is currently employed by 4C Foods Corp, Address 580 Fountain Ave Brooklyn NY 11208 Contact Number (718) 272-4242. Client has submitted a verifiable work schedule. Client will be given a late-pass until 2:00 am. Passes cover Nov. 7, 2016 to Nov. 12, 2016. | 11/06/2016 09:43 AM | Dashiell Porter | | |
| 57  11/03/2016 | Case manager met with client to discuss weekly progress and issue current non- compliant ILP. Writer and client discussed all areas of ILP, focusing on meetings; writer emphasized the importance of attending all scheduled meetings and appointments in regards to being in compliance with ILPs. CM and client also discussed client's need to provide pay stubs, as well as proof of savings on a weekly basis. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of | 11/03/2016 05:25 PM | Dashiell Porter | | |

| # | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
|  |  | this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on 11/17/2016 |  |  |  |  |
| 58 | 10/28/2016 | Client is currently employed by 4C Foods Corp, Address 580 Fountain Ave Brooklyn NY 11208 Contact Number (718) 272-4242. Client has submitted a verifiable work schedule. Client will be given a late-pass until 2:00am. Passes cover the period of 10/31/16 to 11/5/16. | 10/28/2016 09:23 PM | Dashiell Porter |  |  |
| 59 | 10/27/2016 | Case Manager met with client to discuss where he is in terms of attending his outpatient treatment program. Client states that he is still in attendance, and that he attends two times per week and receives three services. Client attends on Mondays and Fridays. He does one group on each day and also has an individual session with his Case Manager on Fridays as well. Client stated he is due in tomorrow for a group and individual session. Client attends the EDNY outpatient treatment program. Client states he has been attending since before he came into the Doe Fund. CM will reach out to the Case Manager for an update on Mr. Brooks' attendance and program status. | 10/27/2016 06:08 PM | Dashiell Porter |  |  |
| 60 | 10/26/2016 | Client continues to maintain employment at 4-C Food, Corp since his original date of hire. | 10/26/2016 09:56 AM | Dashiell Porter |  |  |
| 61 | 10/23/2016 | Case Manager met with client to discuss client progress. Case Manager inquired about a copy of client's birth certificate, which had been requested on at least two other occasions. Client stated he keeps forgetting to have his wife bring it to him. Case Manager reiterated the importance of having a copy on file here to make sure his chart is in compliance with DHS standards. Client stated he will make it his business to speak to his wife and see if she can locate it and bring it to him. Case Manager will follow-up with client this week. | 10/23/2016 12:52 PM | Dashiell Porter |  |  |
| 62 | 10/21/2016 | Client is currently employed by 4C Foods Corp, Address 580 Fountain Ave Brooklyn NY 11208 Contact Number (718) 272-4242. Client has submitted a verifiable work schedule. Client will be given a late-pass until 2:00 am. Passes cover Oct. 24 - Oct. 29th. | 10/21/2016 09:05 PM | Dashiell Porter |  |  |
| 63 | 10/20/2016 | Case manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on meetings; writer emphasized the importance of attending all scheduled meetings and appointments in regards to being in compliance with ILP's. Client also discussed that he started his SEPS process, and was still interested in applying for the LINC voucher. Case Manager will schedule client a LINC appointment this coming week. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on Nov. 3, 2016 at 12:20 pm. | 10/20/2016 08:28 PM | Dashiell Porter |  |  |
| 64 | 10/16/2016 | Client and Case Manager met to discuss client's short-range goals. Client informed CM that he had gone down to the SEPS office to inquire about their housing process and obtained an application at the same time. Client is LINP, and has submitted enough pay stubs to sent down to the LINC program as well. Client works from Monday - Friday, so his appointment will have to be on a Saturday, which can be arranged if given enough time. CM and client agreed on the Saturday of October 22, 2016. CM will prepare the paperwork required to facilitate this matter. | 10/16/2016 08:45 PM | Dashiell Porter |  |  |
| 65 | 10/06/2016 | Case manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on meetings; writer emphasized the importance of attending all scheduled meetings and appointments in regards to being in compliance with ILP's. Case Manager and client also discussed client's need to provide another pay stub in order to be scheduled for a LINC appointment. In addition to that pay stub, client will also have to demonstrate that he has engaged in saving towards his live-out, or he will be considered non-compliant with a DHS requirement, and DHS are the ones who provide or approve LINC vouchers. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on Oct. 20, 2016. | 10/06/2016 04:58 PM | Dashiell Porter |  |  |

| # | Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|---|
| 66 | 10/03/2016 | Case Manager met with client to discuss client's present program status. Case Manager reiterated the need for client to supply updated copies of his pay stubs from his employment, since none had been provided since his original date of hire. It was explained to client that pay stubs lend proof to the status of client's employment, as well as justifies the need to have passes submitted in CARES for client having to rightfully be out of the facility for the hours in question. Client nodded his understanding and provided CM with three pay stubs that substantiate that he is still employed as reported and at the same location. CM accepted the pay stubs and made copies for the client record. Session ended with Case Manager entering the next set of passes required for the upcoming week. | 10/03/2016 09:50 AM | Dashiell Porter | | |
| 67 | 09/30/2016 | Client was issued a late pass for employment purposes. Client is currently employed by 4C Foods Corp, Address 580 Fountain Ave Brooklyn NY 11208 Contact Number (718) 272-4242. Client has submitted a verifiable work schedule. Client will be given a late-pass until 2:00am | 09/30/2016 06:33 PM | Timothy Matthews | | |
| 68 | 09/30/2016 | CD entered employment information for Gregory Brooks. Trainee is working 4 - 12 40 hours per week at $9 per hour with benefits as a warehouse worker for 4C Food Corp. His start date is 8/30/16. | 09/30/2016 12:00 PM | John Powell | | |
| 69 | 09/28/2016 | Client was issued a late pass for employment purposes. Client is currently employed by 4C Foods Corp, Address 580 Fountain Ave Brooklyn NY 11208 Contact Number (718) 272-4242. Client has submitted a verifiable work schedule. Client will be given a late-pass until 2:00am | 09/28/2016 05:44 PM | Timothy Matthews | | |
| 70 | 09/28/2016 | Client met with writer on noted date in response to the memo he received. CM explained the importance of providing a valid work schedule in order to receive passes. Client states he provided his CM a copy of his work schedule but has not followed up on providing paystubs. Clients states he believed that paystubs were only needed to apply for LINC. CM explained in detail DHS requirements regarding paystubs and savings for employed clients. Client states he understood and reports he will obtain copies of his paystubs and provide them to his CM by Thursday 9/29/16. Savings will be discussed with his assigned CM when paystubs are submitted. Client also requested that he would like to meet with DHS in the future to explore further. Client's CM will follow up. | 09/28/2016 02:50 PM | Adrena Burch | | |
| 71 | 09/27/2016 | Client is being left a memo indicating that he needs to meet with his Case Manager at 10:00 am on September 28, 2016 for the purpose of client supplying a pay stub to substantiate his current employment in order to justify Case Manager entering passes for client in the CARES system that permit him to be out of the facility beyond curfew hours. Client reported having found outside employment back on August 28, 2016, but has yet to provide a pay stub reflecting this. Should client fail to provide proof of employment, Case Manager has been directed to revoke client's passes until such proof is provided. Towards that end, a memo will be left with security for client to sign attesting to the fact that he in fact received said memo and intends to abide by it. Case Manager will monitor. | 09/27/2016 05:27 PM | Dashiell Porter | | |
| 72 | 09/22/2016 | Case manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on Health and Safety; Writer emphasized the importance of keeping living area up to DHS standards. Case Manager and client also discussed the need for client to contribute to his savings towards his independent living status by providing savings of $1014 or 60% of his earnings per month, which will be determined by the average of client's first three pay stubs.. Client agreed to do so. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on Oct. 6, 2016. | 09/22/2016 08:37 PM | Dashiell Porter | | |
| 73 | 09/18/2016 | Client will be working at the 4-C factory Monday through Friday this week, from 4:00 pm - 12:00 am. | 09/18/2016 07:34 PM | Dashiell Porter | | |
| 74 | 09/14/2016 | Client met with Case Manager and Associate Director to discuss client's concern over whether or not he can withdraw his mandatory savings, and place it in his personal account. A.D. explained to client the philosophy behind why mandatory savings can not be touched as long as client remains in the shelter; to wit: that the mandatory savings establishes that the client/trainee is committed to saving towards independent living, | 09/14/2016 03:58 PM | Dashiell Porter | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | meaning that he is accumulating funds towards his eventual live-out date. Also explained was the fact the $124 will no longer be required for him to pay for his stay here. Finally, client was informed that an individual employed outside of the Doe Fund, he will required to save 60% of all money earned, either on a weekly basis if he is paid weekly, or on a bi-weekly basis if he is paid bi-weekly. That figure will be worked out once client's average of pay is calculated, and will appear in his ILP. | | | | |
| 75  09/13/2016 | Client is newly employed at 4/C Monday through Friday, from 4:00 pm to 12:00 am, and will be returning to the facility at approximately 2:00 am. | 09/13/2016 05:19 PM | Dashiell Porter | | |
| 76  09/08/2016 | Case manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on meetings; writer emphasized the importance of attending all scheduled meetings and appointments in regards to being in compliance with ILP's. CM had cautioned client against becoming impatient, and cutting short his process because client would not realize the full benefits of the program. Client instead found employment and has opted out of the program. Case Manager congratulated client nevertheless. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on 9/22/2016 | 09/08/2016 07:17 PM | Dashiell Porter | | |
| 77  09/01/2016 | Case Manager and client met to discuss client's program progress. Client informed Case Manager that he had found employment, and no longer desired to do the RWA program. Case Manager informed client that he must provide proof of said employment in the form of a letter or work schedule so that he can be granted late passes in order to maintain his employment. Client indicated he would that at his earliest convenience. Today, client provided said proof of employment in the form of a work schedule and letter showing he was not employed by 4-C with a schedule that will have him out of the facility beyond the 10:00 pm curfew, necessitating the need for passes to be put on a nightly basis. | 09/02/2016 07:54 PM | Dashiell Porter | | |
| 78  08/25/2016 | Case Manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on Health and Safety; Writer emphasized the importance of keeping living area up to DHS standards. Case Manager brought up client's treatment schedule. Case Manager brought the possibility of cutting client's treatment schedule down a day or two. CM acknowledged that client has been enrolled since he began the Doe Fund, and has yet to relapse. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on 9/8/2016. | 08/25/2016 09:04 PM | Dashiell Porter | | |
| 79  08/12/2016 | Case Manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on Health and Safety; Writer emphasized the importance of keeping living area up to DHS standards. Case Manager and client also discussed the need for client to produce three pieces of identification to go along with his Doe Fund I.D. in order to bring his chart into compliance with DHS and RWA rules and regulations. Client must supply Case Manager with a copy of his birth certificate. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on 8/25/2016 | 08/12/2016 09:08 PM | Dashiell Porter | | |
| 80  08/05/2016 | Case Manager met with client to discuss his weekly progress. Client is still attending his treatment program as scheduled. Client and his Program Counselor were working on paring down his schedule at least one day. Client has not tested positive since his date of enrollment in either program -- RWA or EDNY. Client is working on diligently on re-establishing some of the positive things he was working on prior to his incarceration, namely picking back up on his writing. Case Manager is encouraging client to continue his pursuits, for it is perseverance that pays off in endeavors of this type. | 08/05/2016 04:10 PM | Dashiell Porter | | |
| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
| 81  07/28/2016 | Case manager met with client to discuss weekly progress and issue current ILP. Writer and client discussed all areas of ILP, focusing on | 07/28/2016 07:03 PM | Dashiell Porter | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | meetings; writer emphasized the importance of attending all scheduled meetings and appointments in regards to being in compliance with ILP'sCM met with client to discuss client's degree of acclimation to the program. Client states that he is concentrating on working out how he can attend treatment, as well as satisfy his legal obligations. . Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on 8/11/2016. | | | | |
| 82  07/24/2016 | Case Manager met with client to investigate on the progress made with gaining client a new schedule that is more conducive to his needs involving parole, and treatment program, and his childcare visits. Thus far, client has been granted a day schedule that better suits his needs than the previous Hudson River schedule. Case Manager will contact client's P.O. to inquire about the ability to have client remove from his present treatment program at EDNY should they not become more flexible to the degree that they grant him an evening schedule, freeing him up to work his field assignment. Client was also reminded of the need to come up with a copy of his birth certificate. Client has been made aware of the significance of this document. CM will continue to follow up on this matter. | 07/24/2016 04:06 PM | Dashiell Porter | | |
| 83  07/12/2016 | Case Manager and client met to discuss his weekly progress. Case Manager inquired about client's birth certificate. Client indicated he has been trying to have his wife bring him a copy of this document. Case Manager reiterated the importance of having 3 pieces of identification in addition to the Doe Fund. I.D. card. Client accepted this information and took it as an assignment he must complete. CM will continue to follow-up on the matter. | 07/12/2016 04:37 PM | Dashiell Porter | | |
| 84  07/10/2016 | Case Manager and client discussed his vocational goals, as well as the need for client to provide proof that he has been given a ppd implant, or if he already has one, to provide proof of TB clearance. Client was also informed that he must select a managed care provider, and update Case Manager on what it is so that his record may be updated. CM provided client with the phone number to do so. (800 505-5678) Client was instructed to call this number to carry out this function. Client stated he will comply with said request. Client states he will do so this coming week, so Case Manager will follow-up on both issues at that time. In addition, client will provide a copy of his birth certificate. | 07/10/2016 02:49 PM | Dashiell Porter | 07/10/2016 06:55 PM | Dashiell Porter |
| 85  07/05/2016 | Client met with writer to develop an Education and Occupational Training Plan. Client's first training option is Pest Control and second training option is Construction Building Maintenance. Client will be enrolled in the next Pest Control training cycle with a tentative date starting on 9/24/2016. In addition, client wants to obtain his 4 hour Supported Scaffold certification. Client wants to earn his CASAC to pursue casae management. He is currently enrolled in HSE classes with Fortune Society but wants to take advantage of some math tutoring classes. Client has been informed of all dates and details regarding his Education and Occupational Training Plan. | 07/05/2016 02:47 PM | Joseph Calhoun | 07/05/2016 02:53 PM | Joseph Calhoun |
| 86  07/05/2016 | Client attended caseload meeting, during which the topics of discussion included, the expectations of one in his first 30 days in the program, the need for three pieces of identification, late passes, overnight passes, curfew violators, occupational applications, mandatory classes, etc. Client inquired at to whether or not he is eligible for passes as of yet. Client was informed of the pass policy, a copy of which is on CM's door. As such, client was told that he is approaching eligibility, but is not quite there yet. | 07/05/2016 03:37 PM | Dashiell Porter | | |
| 87  06/30/2016 | Client is a 39 year old m/b, who is soft spoken, neat in appearance, and unremarkable in his body order. Client makes very good eye contact, and has a gentlemen's handshake. Client is brown in complexion with low cropped hairstyle. Client measures his words before speaking, and when he does he sounds very confident in what he is saying that belies his educational level. Client is a 39 year male black, who stands approximately 5'6" tall and weighs about 155 lbs. Client was born on July 19, 1976 in New York's Mount Sinai Hospital to Rachel Brooks and Gregory Scott, by whom client was raised until their separation. Client has one sister and no brothers. Client is younger than his sister. Client informs writer that he has three children of his own; one is a stepchild from his wife's previous relationship. Client states he has a 6th grade education, and stands in need of his HSE/GED, which he would like to obtain while in the RWA program, if possible. Client would like to enter college to study the field of Human Services. Client is also a gifted writer, | 06/30/2016 06:58 PM | Dashiell Porter | | |

| Date note taken | Note | Date posted | Posted by | Date last modified | Last modified by |
|---|---|---|---|---|---|
| | having been published, and is now working on his next book. Client has been arrested approximately five times in his life, and has been convicted on at least three occasions. Client has three felonies on his record; one for a gun possession; one for drug possession, and the final one for "steering." Client's first arrest was back in 1997 for a gun rap, for which he served a year incarcerated. All told, client has served an estimated 13 years of incarceration. Client was last released from the Queensboro Correctional Facility in May of this year. Client reports that he is in excellent health. He states his last physical was about some time last year. Client states he presently has no mental health issues, although he reported he was once diagnosed with major depression in 2011, for which he was prescribed medication he did not take because of the way it made him feel. Client states his condition was the result of a painful loss. Client has not taken medication since, and none has ever been re-prescribed. Client reports a history of Substance Abuse involving marijuana, with the age of onset being approximately 19 years of age. Client states his duration of use is six years, dating back to before he was incarcerated. Client has been homeless since his release from the Queensboro Correctional Facility, which was back in May of this year. Client began at the Bellevue Men's Shelter before being transferred to the Bedford and Atlantic Men's Shelter, and finally here at the Gates Avenue RWA Program. Client is more than adequately prepared to take on the rigors of the program here at Gates Avenue. Client possesses far higher than average intelligence, and should navigate this process with little to no difficulty. | | | | |
| 88  06/28/2016 | Case manager met with client to issue his initial ILP. Writer and client discussed all areas of ILP, focusing on meetings; writer emphasized the importance of attending all scheduled meetings and appointments in regards to being in compliance with ILP's. CM and client also discussed how important it is for client to become single-minded and focused on himself, as opposed to trying to spread himself too thin at this stage of his process. Case manager and client also discussed CARF and clients responsibility. Case manager has explained that failure to comply with the development and completion of this plan could result in the discontinuance of his temporary housing. Client reviewed all activities, agreed to all and signed ILP. Client will meet with case manager for next ILP review on June 30, 2016. | 06/28/2016 03:28 PM | Dashiell Porter | | |
| 89  06/28/2016 | Client has been accepted into RWA residential @520 Gates Ave. Client appears mentally/physically stable and denies any medical concerns. Client presents with no homicidal/suicidal ideations or audio/visual hallucinations and will participate in RWA orientation. Client has been assigned to writer's caseload. Case Manager met with client to explain the first 30 days of his process, including his 8:00 pm curfew, the fact that he must sign out of the facility whenever he leaves, and inform his supervisor and/or Case Manager why he is leaving. Both mandatory and extra savings was explained to client, as was the need to get the request for extra savings withdrawals in to allow for one to three days for processing. Client is aware that he may only withdraw once a month from this account. Client has been informed of the need to obtain 3 pieces of identification in addition to his Doe Fund I.D. card. Furthermore, client is aware that he must board the Project Renewal Medical Van to receive a ppd implant, or a referral for a chest xray on the Monday following his intake. Client was also told that he must get the results of that PPD reading on the Thursday of that same week. Client was also informed that he must sit for the TABE test on the Friday of his intake week, or as soon thereafter as is practicable, so that we may be able to determine the vocations for which he is eligible, which rely heavily on these scores. Finally, client has been informed that all in-house personnel must attend nightly N/A meetings in the basement of 520 Gates Avenue, and they may only get one weekend day pass, Saturday or Sunday, each week, not both to go out on. | 06/28/2016 03:15 PM | Dashiell Porter | 06/28/2016 03:26 PM | Dashiell Porter |

TDF Data Collection Privacy Policy

© 2017 The Doe Fund, Inc. All rights reserved.