UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREGORY BROOKS,

                        Plaintiff,

        -against-

THE DOE FUND, INC., TERRY COOPER,
individually and in his official capacity, JAMES
WASHINGTON, individually and in his official
capacity, and ANTHONY WIGGINS, individually
and in his official capacity,

                        Defendants.
------------------------------------------------------------X

Case No. 17-cv-03626 (PKC)(LB)

## DEFENDANT TERRY COOPER'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS

Pursuant to Rule 33 of Federal Rules of Civil Procedure, Defendant Terry Cooper, by his undersigned attorneys, objects and responds to Plaintiff's First Set of Document Demands ("Plaintiff's Demands") as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Definitions and Instructions in Plaintiff's Demands to the extent they seek to impose any requirements to provide discovery inconsistent with, and/or not required by, the Federal Rules of Civil Procedures or this Court's Local Civil Rules.

2. Defendant reserves the right to supplement and/or amend these responses up to and through trial.

3. Defendant objects to Plaintiff's Demands to the extent they call for the production of privileged, confidential, proprietary and/or personal information concerning individuals and entities that are not parties to this action.

4. Defendant objects to Plaintiff's Demands to the extent they fail to define a reasonable and relevant time period. The responses and production of documents will be confined to the period covered by Plaintiff's Complaint unless otherwise noted (the "Relevant Period").

5. Each of these general objections is incorporated by reference into the following responses.

## SPECIFIC RESPONSES AND OBJECTIONS

1. Any and all documents in the possession or control of Defendant that relate or pertain to the Plaintiff, including, but not limited to, the following:

   a. Work hours, work schedules, work attendance, including but not limited to, absences, tardiness, leaves of absence, flexible or other alternative work arrangements;

   b. Any documents concerning Plaintiff's work performance, including, but not limited to, evaluations, employee corrective actions, warnings, and performance improvement plans;

   c. Any documents concerning his job description, work assignments or job duties;

   d. Any documents prepared or distributed by Defendant concerning Plaintiff's employment with Defendant in any way;

   e. Any documents concerning Defendant's rules, regulations, customs or practices;

   f. Any documents concerning any complaints made to Defendants by Plaintiff or his representative, or another employee of Defendants regarding Plaintiff.

**Response No. 1**

Defendant objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has no responsive documents within his possession, custody or control.

2. Any and all photographs, negatives, recordings and/or video of Plaintiff.

**Response No. 2**

Defendant objects to Request No. 2 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has no responsive documents within his possession, custody or control.

3. Copies of any and ALL emails and text messages exchanged between Plaintiff and Defendant.

**Response No. 3**

Defendant objects to Request No. 3 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has no responsive documents within his possession, custody or control.

4. Copies of any and ALL emails and text messages exchanged between Defendant COOPER and Defendant DOE FUND's employees.

**Response No. 4**

Defendant objects to Request No. 4 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has no responsive documents within his possession, custody or control.

5. The COMPLETE PERSONNEL FILE OF DEFENDANT COOPER including employment application, resume, acknowledgments of receipt of employment handbook and other documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information.

**Response No. 5**

Defendant objects to Request No. 5 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

6. The DEFENDANT COOPER's COMPLETE SALARY AND WAGE RECORDS, payroll records, commission records, and W-2 forms for every year of his employment with DOE FUND.

**Response No. 6**

Defendant objects to Request No. 6 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

7.   The DEFENDANT COOPER's COMPLETE SALARY AND WAGE RECORDS, payroll records, commission records, and W-2 forms for every year of his employment since working for DOE FUND.

**Response No. 7**

Defendant objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

8.   Any and all documents that relate or pertain to ANY PERFORMANCE EVALUATIONS OR JOB REVIEWS of DEFENDANT COOPER during his employment with Defendants.

**Response No. 8**

Defendant objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

9. Any and all documents that relate or pertain to ANY PERFORMANCE EVALUATIONS OR JOB REVIEWS of DEFENDANT COOPER during his employment with other employers for the last five (5) years.

**Response No. 9**

Defendant objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including because the time period for which documents are sought is improper.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

10. Any and all written job descriptions or any other documents that relate or pertain to the WORK DUTIES AND/OR RESPONSIBILITIES of each position held by DEFENDANT COOPER worked during his employment with DOE FUND.

**Response No. 10**

Defendant objects to Request No. 10 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

11. Any and all documents that relate or pertain to any write-ups, COMPLAINTS, COMMENTS, CRITICISMS OR WARNINGS, oral or written, concerning DEFENDANT COOPER work performance.

**Response No. 11**

Defendant objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

12. Any and all PERSONNEL MANUALS, EMPLOYEE OR RESIDENT HANDBOOKS, benefits manuals and salary schedules which were in effect at any time during Plaintiff's employment with DOE FUND.

**Response No. 12**

Defendant objects to Request No. 12 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

13. Any and all SUPERVISORS MANUALS which were in effect at any time during Plaintiff's employment or association with DOE FUND.

**Response No. 13**

Defendant objects to Request No. 13 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

14. Any and all documents that relate or pertain to DEFENDANT COOPER's medical or mental health.

**Response No. 14**

Defendant objects to Request No. 14 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15. Any and all documents that relate or pertain to Plaintiff's requests to see his family.

**Response No. 15**

Defendant objects to Request No. 15 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has no responsive documents within his possession, custody or control.

16. Any and all documents that relate or pertain to Plaintiff's requests to for permission to arrive late at a DOE FUND facility.

**Response No. 16**

Defendant objects to Request No. 16 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

17. Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal, of harassment, discrimination and/or retaliation, which were made by Plaintiff against DEFENDANT COOPER.

**Response No. 17**

Defendant objects to Request No. 17 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has no responsive documents within his possession, custody or control.

18. Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person other than Plaintiff, against DEFENDANT COOPER in the last ten (10) years.

**Response No. 18**

Defendant objects to Request No. 18 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has no responsive documents within his possession, custody or control pertaining to the Relevant Period.

19. Any and all documents that relate or pertain to any REPRIMAND, DEMOTION OR OTHER DISCIPLINARY action taken against the DEFENDANT COOPER as a result of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, that he had engaged in harassment, discrimination and/or retaliatory conduct against any person other than Plaintiff.

**Response No. 19**

Defendant objects to Request No. 19 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

20. Any and all documents pertaining to Defendants' termination of Plaintiff's employment.

**Response No. 20**

Defendant objects to Request No. 20 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendant The Doe Fund.

21. Any and all documents showing communications between Defendants and any City, State or Federal Official concerning Plaintiff, including position statements given to the EEOC, NYC Commission on Human Rights, or NYS Division of Human Rights.

**Response No. 21**

Defendant objects to Request No. 21 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, this request is properly directed to Co-Defendants The Doe Fund.

22. All documents identified or relied upon in answering each Interrogatory contained in Plaintiff's First Set of Interrogatories, or that refer to or reflect the information requested in those Interrogatories, other than documents produced in response to the Requests set forth below.

**Response No. 22**

Defendant objects to Request No. 22 on the grounds that it is overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, no responsive documents exist.

23. Any and all documents that relate or pertain to those persons who DEFENDANT COOPER intends to call as an expert witness as well as the copy of said expert's report, if any.

**Response No. 23**

Defendant objects to Request No. 23 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Coope has not yet retained any expert witness.

24. Any expert witness reports as well as any notes, memoranda or other items contained in said expert witness' file including all correspondent, email or otherwise between said expert and DEFENDANT COOPER's counsel.

**Response No. 24**

Defendant objects to Request No. 24 on the grounds that it is premature, overbroad, unduly burdensome, vague, incomprehensible, incapable of response, patently improper, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Cooper has not yet retained any expert witness.

Dated: New York, New York
February 28, 2018

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Peter T. Shapiro
Peter T. Shapiro
*Attorneys for Defendant Terry Cooper*
77 Water Street, Suite 2100
New York, New York 10005
212.232.1300
Peter.Shapiro@lewisbrisbois.com

To:    Kelly L. O'Connell
Derek T. Smith Law Group, P.C.
*Attorneys for Plaintiff*
1 Penn Plaza, 4905
New York, New York 10119
212.587.0760

Lori D. Bauer
Kevin P. Connolly
Jackson Lewis P.C.
*Attorneys for Defendant*
*The Doe Fund, Inc.*
666 Third Avenue
New York, New York 10117
212.545.4000

## **CERTIFICATE OF SERVICE**

      Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on February 28, 2018, he caused to be served on counsel via regular mail and email Defendant Terry Cooper's Objections and Responses to Plaintiff's First Set of Document Demands consistent with F.R.C.P. 33.

                                                 /s/ Peter T. Shapiro
                                                    Peter T. Shapiro