UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY BROOKS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>THE DOE FUND, INC.,<br>TERRY COOPER individually and in his official capacity,<br>JAMES WASHINGTON individually and in his official capacity, and<br>ANTHONY WIGGINS individually and in his official capacity,<br><br>                    Defendants. | Civ. No.: 17-CV-3626 (PKC)<br>(LB)<br><br>**DEFENDANTS THE DOE FUND, INC. AND JAMES WASHINGTON'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST REQUEST OF INTERROGATORIES** |

Defendants The Doe Fund, Inc. ("TDF") and James Washington ("Washington") (collectively "Defendants") by and through their attorneys, Jackson Lewis P.C., as and for their objections and answers to Plaintiff Gregory Brooks' First Request of Interrogatories, hereby state as follows:

## GENERAL COMMENTS AND QUALIFICATIONS

These General Comments and Qualifications are incorporated as if fully restated into each and every answer or response to Plaintiff's First Request of Interrogatories.

Defendants have endeavored, at this stage of the litigation, to respond to Plaintiff's interrogatories on the basis of the best data now available. Although persons who are non-parties, and who are not now employees of TDF may have information relevant to the subject matter of Plaintiff's interrogatories, Defendants are not purporting to provide information, if any, presently possessed by such persons.

The objections above and answers and responses set forth herein are interposed on

behalf of Defendants.  Defendants reserve the right to produce additional information or documents which may be responsive to any interrogatory should it become apparent, pursuant to the obligation to supplement responses under the Federal Rules of Civil Procedure and the Rules of this Court.

Finally, the responses set forth herein are made without waiving the following:

a.      the right to object to the extent of competency, privilege, relevancy, materiality, hearsay, authenticity or any other proper ground, to the use of any material or information produced herein, for any purpose in whole or in part, in any subsequent proceeding in this action or any other action;

b.      the right to object on any and all grounds, at any time, to other interrogatories, requests to admit, document requests or other discovery procedures involving or relating to the subject matter of the document requests responded to herein; and

c.      the right, at any time, to revise, correct, modify, supplement or clarify any of the responses provided herein.

All of Defendants' responses are made subject to the foregoing comments and qualifications.

## **INTERROGATORY NO. 1**

Identify any and all persons whom you contend have knowledge of the facts and circumstances alleged in the Pleadings, including the facts, which you contend, are known to each person.

## **OBJECTIONS**

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for a list of all persons whom Defendants contend have knowledge of the facts and circumstances alleged in the Pleadings, including the facts Defendants contend are known to each person, is overbroad, and not proportional to the needs of this case.

Defendants object to this Interrogatory as it is premature pursuant to Federal Rule of Civil Procedure ("FRCP") 33 and would be more appropriately addressed through depositions of witnesses.

Defendants object to this Interrogatory to the extent that it requests information which represents attorney work product, is protected from disclosure by the attorney client privilege or has been prepared in anticipation of litigation at the request of counsel.

## **ANSWER**

Without waiving the foregoing objections and to the extent not objected therein, Defendants state as follows:

3

1.      **<u>Plaintiff Gregory Brooks.</u>** Upon information and belief, Plaintiff possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's participation in TDF's Ready, Willing & Able program, the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and eligibility for housing at TDF's Gates Avenue facility, and the lack of merit to the allegations in Plaintiff's Complaint.

2.      **<u>Defendant James Washington.</u>** Defendant James Washington, TDF's Program Director at the Gates Avenue facility, possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's participation in TDF's Ready, Willing & Able program, the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and eligibility for housing at TDF's Gates Avenue facility, and the lack of merit to the allegations in Plaintiff's Complaint.

3.      **<u>Eunice Gilmore.</u>** Eunice Gilmore, TDF's Director of Human Resources, possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's participation in TDF's Ready, Willing & Able program, the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and eligibility for housing at TDF's Gates Avenue facility, and the lack of merit to the allegations in Plaintiff's Complaint.

4.      **<u>Elizabeth Hanson.</u>** Upon information and belief, Elizabeth Hanson, formerly employed by TDF as its Chief Compliance Officer, possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's

participation in TDF's Ready, Willing & Able program, the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and eligibility for housing at TDF's Gates Avenue facility, and the lack of merit to the allegations in Plaintiff's Complaint.

5.     **Dashiell Porter.**  Upon information and belief, Dashiell Porter, formerly employed by TDF as a Case Manager, possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's participation in TDF's Ready, Willing & Able program, and the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and eligibility for housing at TDF's Gates Avenue facility.

6.     **O'Neill Young.**  Upon information and belief, O'Neill Young, employed by TDF as a Case Manager, possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's participation in TDF's Ready, Willing & Able program, and the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and eligibility for housing at TDF's Gates Avenue facility.

7.     **Salvatore Lopresti.** Upon information and belief, Salvatore Lopresti, employed by TDF as Director of Fleet Services, possesses knowledge regarding, among other things, the lack of merit to the allegations in Plaintiff's Complaint.

8.     **Craig Trotta.** Upon information and belief, Craig Trotta, employed by TDF as Director of CIP, possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's participation in TDF's Ready, Willing & Able program, the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and

eligibility for housing at TDF's Gates Avenue facility, and the lack of merit to the allegations in Plaintiff's Complaint.

9.     **Kenise Etwaru**. Upon information and belief, Kenise Etwaru, formerly employed by TDF as the Director of Human Resources, possesses knowledge regarding, among other things, TDF's Ready, Willing & Able program, TDF's rules, policies and procedures, the New York City Department of Homeless Services' rules, policies and procedures, Plaintiff's participation in TDF's Ready, Willing & Able program, the circumstances surrounding Plaintiff's housing at TDF's Gates Avenue facility and eligibility for housing at TDF's Gates Avenue facility, and the lack of merit to the allegations in Plaintiff's Complaint.

10.     **Terry Cooper.**  Upon information and belief, Terry Cooper, formerly employed by TDF as a Dispatcher, possesses knowledge regarding, among other things, the lack of merit to the allegations in Plaintiff's Complaint and TDF's rules, policies and procedures.

## INTERROGATORY NO. 2

Please provide the position for each named individual in the complaint whom had worked for Defendants.  Please provide in response the organization chart of each of the individuals named in the complaint as well as Plaintiff.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for information related to the position of each named individual in the complaint whom had worked for Defendants and the organization chart of each of these individuals is overbroad, vague, and seeks information that is not relevant to any Party's claim or defense, or proportional to the needs of the case.

Defendants further object to this Interrogatory to the extent that it is vague. Specifically, the term "the organization chart of each of the individuals named in the complaint as well as Plaintiff" is ambiguous and lacks sufficient precision to permit an answer.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory to the extent that it requests information related to facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a

Trainee at TDF's Gates Avenue facility.  Therefore, all documents and information related to any facility, aside from Gates Avenue, are unrelated to this matter.

**ANSWER**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

1. **Plaintiff.** Never employed by TDF.

2. **Terry Cooper.**  Formerly employed by TDF as a Dispatcher at TDF's Gates Avenue facility.

3. **James Washington.** Currently employed by TDF as the Director of TDF's Gates Avenue facility.

4. **Anthony Wiggins.** Formerly employed by TDF as CIP Supervisor at TDF's Harlem facility.

5. **Dashell Porter.** Formerly employed by TDF as a Case Manager.

6. **Paul Washington**. Never employed by TDF.

7. **Eunice Gilmore**. Currently employed by TDF as the Director of Human Resources.

8. **Elizabeth Hanson**. Formerly employed by TDF as its Chief Compliance Officer.

9. **Timothy Matthews**. Currently employed by TDF as the Associate Director at TDF's Gates Avenue facility.

10. **Ronald Holly**. Formerly employed by TDF as Associate Director of CIP.

11. **Mr. Bell.** While Plaintiff was a Trainee in TDF's Ready Willing & Able program, Albert Bell was employed as a Dispatcher at TDF's Gates Avenue facility.

## INTERROGATORY NO. 3

Please provide the duties and responsibilities for each named individual in the complaint whom had worked for Defendants.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for information related to the duties and responsibilities for each named individual in the complaint whom had worked for Defendants is overbroad, vague, and seeks information that is not relevant to any Party's claim or defense, or proportional to the needs of the case.

Defendants further object to this Interrogatory to the extent that it is vague. Specifically, the term "duties and responsibilities for each named individual in the complaint whom had worked for Defendants" is not defined and susceptible to more than one interpretation.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory as it would be more appropriately addressed through depositions of witnesses.

Defendants object to this Interrogatory to the extent that it requests information related to facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a

Trainee at TDF's Gates Avenue facility.  Therefore, all documents and information related to any facility, aside from Gates Avenue, are unrelated to this matter.

**ANSWER**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

1.  **Plaintiff.** Never employed by TDF.

2.  **Terry Cooper.**  Cooper was last employed by TDF as a Dispatcher.  As a Dispatcher, Cooper was responsible for scheduling TDF's Community Improvement Project ("CIP") field crews, maintaining communication with CIP field crews while they were out in the field, processing and filing paperwork such as auto logs and attendance sheets, inspecting TDF's fleet of vans before and after trips, and maintaining TDF's inventory of cleaning supplies, equipment and uniforms.

3.  **James Washington.**  Washington is employed as the Director of TDF's Gates Avenue facility.  As a Director, Washington oversees all aspects of the Gates Avenue facility's operations, including managing the budget, training staff, establishing working relationships with governmental reporting agencies such as the New York City Department of Homeless Services, and ensuring that the facility is compliant with all government codes.

4.  **Anthony Wiggins.** During his employment as a CIP Supervisor at TDF's Harlem facility, Wiggins was responsible for supervising field crews during routes operated out of TDF's Harlem facility.  Wiggins was responsible for supervising field crews as they swept sidewalks and curbs and disposed of garbage on several routes.

5.  **Dashell Porter.** During his employment as a Case Manager at TDF, Porter was responsible for aiding trainees through the Ready, Willing & Able program by ensuring that they

were compliant with program requirements, monitoring their progress and assisting them in finding permanent employment, housing and independent living arrangements.

6.   **Paul Washington**. Never employed by TDF.

7.   **Eunice Gilmore**. As TDF's Director of Human Resources, Gilmore is responsible for operating TDF's Human Resources Department.  Gilmore supervises and provides consultation to TDF employees on issues such as staffing, compensation, benefits, training and development, and budgeting.  She also handles and investigates potential violations of TDF policy.

8.   **Elizabeth Hanson**. During her employment as TDF's Chief Compliance Officer, among other duties and responsibilities, Hanson was responsible for providing guidance on performance improvement and quality assurance for TDF's programs, working with Program Directors to improve service delivery, assisting in program development and implementation, engaging clients when needed, and developing TDF's policies and procedures.

9.   **Timothy Matthews**. As the Associate Director of TDF's Gates Avenue facility, among other duties and responsibilities, Matthews is responsible for supervising all social service staff at the Gates Avenue facility, managing services provided for trainees in the Ready Willing & Able program, and acting as the primary liaison between the New York City Department of Homeless Services and TDF's Gates Avenue facility.

10.   **Ronald Holly**. During his employment as an Associate Director of CIP, among other duties and responsibilities, Holly was responsible for overseeing all aspects of daily cleaning operations, management and operation of neighborhood clean-up and cleaning work projects, training and supervision of all supervisors, ensuring that service areas were properly serviced, providing a productive and safe working environment for staff and workers, and developing good working relationships with key internal and external customers and associates.

11.    **Mr. Bell**.    As a Dispatcher at TDF's Gates Avenue facility, Albert Bell was responsible for the daily dispatching of field crews and routing of inspections of sites.

## INTERROGATORY NO. 4

Identify all person(s) with knowledge or information concerning Defendants' policies, training's and/or procedures to address and prevent any discrimination, and/or retaliation in the work place.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for the identities of all person(s) with knowledge or information concerning Defendants' policies, trainings and/or procedures is overbroad, vague, and seeks information that is not relevant to any Party's claim or defense, or proportional to the needs of the case.

Defendants further object to this Interrogatory to the extent that it is vague. Specifically, the term "knowledge or information concerning Defendants' policies, training's and/or procedures" is not defined and susceptible to more than one interpretation.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory to the extent that it requests information related to facilities other than TDF's Gates Avenue facility. At all relevant times, Plaintiff was a

13

Trainee at TDF's Gates Avenue facility.  Therefore, all documents and information related to any facility, aside from Gates Avenue, are unrelated to this matter.

## **ANSWER**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Eunice Gilmore and Kenise Etwaru.

## INTERROGATORY NO. 5

Identify all person(s) with knowledge or information concerning Defendants' policies, training sessions and/or procedures to address discrimination in the workplace.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for the identities of all person(s) with knowledge or information concerning Defendants' policies, training sessions and/or procedures is overbroad, vague, and seeks information that is not relevant to any Party's claim or defense, or proportional to the needs of the case.

Defendants further object to this Interrogatory to the extent that it is vague. Specifically, the term "knowledge or information concerning Defendants' policies, training sessions and/or procedures" is not defined and susceptible to more than one interpretation.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory to the extent that it requests information related to facilities other than TDF's Gates Avenue facility. At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility. Therefore, all documents and information related to any facility, aside from Gates Avenue, are unrelated to this matter.

15

## <u>ANSWER</u>

Without waiving the foregoing objections, and to the extent not objected to therein,

Defendants state as follows:

Eunice Gilmore and Kenise Etwaru.

## INTERROGATORY NO. 6

Identify all person(s) whom had attended any training sessions, workshops, or similarly situated events that addressed discrimination in the workplace.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for the identities of all person(s) whom had attended any training sessions, workshops, or similarly situated events is overbroad vague, and seeks information that is not relevant to any Party's claim or defense, or proportional to the needs of the case.

Defendants object to this Interrogatory to the extent that it is overbroad and unreasonable as numerous person(s) attended training sessions that have no bearing or relation to the claims in this matter.

Defendants further object to this Interrogatory to the extent that it is vague. Specifically, the term "similarly situated events" is not defined and susceptible to more than one interpretation.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory to the extent that it requests information related to facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a

Trainee at TDF's Gates Avenue facility.  Therefore, all documents and information related to any facility, aside from Gates Avenue, are unrelated to this matter.

## INTERROGATORY NO. 7

Please state in detail whether any prior allegations have been made against any of the defendants for discrimination, harassment, or retaliation, whether under State, Federal or City Law, formal or informal internal complaints or any claims or complaints with any governmental entity, including but not limited to the Equal Employment Opportunity Commission, the New York Division of Human Rights, the New York City Commission on Human Rights, or any other federal, state or local agency, concerning their employment with Defendants for the past ten years.  For each claim:

    a.   List the name, address and telephone number for the claimant and his/her attorney;

    b.   The nature of the event;

    c.   Names and addresses of all parties involved;

    d.   The date and manner in which the event was resolved;

    e.   If any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for information related to prior allegations for discrimination, harassment, and retaliation over the past ten years is overbroad, unduly prejudicial and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants further object to this Interrogatory to the extent that it is overbroad. Plaintiff was a Trainee in TDF's Ready Willing & Able program located at the Gates Avenue facility.  Any allegations that were made at other facilities or that involve claims other than sexual harassment, retaliation, or discrimination on the basis of race, gender or the status of being previously convicted are not relevant to the claims in this case.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by this Interrogatory ("the past ten years") is neither reasonable nor appropriate given the claims in this case.

Defendants further object to this Interrogatory on the grounds that the information requested is publicly available.

## **ANSWER**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Williams v. The Doe Fund, Inc., et. al., Eastern District of New York, 1:17-cv-03582 (RJD) (ST).

## <u>INTERROGATORY NO. 8</u>

Please provide in detail any issues Defendants had with Plaintiff's work, performance and/or attendance.

### <u>OBJECTIONS</u>

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for information related to any issues Defendants had with Plaintiff's work performance and/or attendance is overbroad, not relevant to any Party's claims or defenses, and not proportional to the needs of this case.

Defendants object to this Interrogatory on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

### <u>ANSWER</u>

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As provided by FRCP 33(d), the answer to this Interrogatory is contained in records provided to Plaintiff as part of this case. At this time, Defendants identify the following documents: TDF000001 through TDF000023.

21

## INTERROGATORY NO. 9

Identify all other employees of Defendants who had the same or similar role as Plaintiff while Plaintiff was employed with Defendants who requested medical leave, as well as whether or not it was granted.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for the identities of TDF employees that have requested medical leave is not relevant to any Party's claims or defenses, overbroad, and not proportional to the needs of this case.

Defendants object to this Interrogatory on the grounds that it assumes facts not in evidence.  Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Interrogatory on the grounds that it is not probative to Plaintiff's claims herein as Plaintiff does not allege that he requested medical leave.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said request is vague and undefined.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

## INTERROGATORY NO. 10

List all written and/or recorded statements of all witnesses or potential witnesses in this lawsuit including, but not limited to, all of the parties to this action including identifying the names and last known addresses of the employees, who had knowledge of Plaintiff claims.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the requested information is overbroad, vague and not relevant to any Party's claims or defenses, or proportional to the needs of the case.

Defendants further object to this Interrogatory to the extent that the requested information is in Plaintiff's possession.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

## ANSWER

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As provided by FRCP 33(d), the answer to this Interrogatory with respect to Plaintiff's allegations is contained in records provided to Plaintiff as part of this case. At this time, Defendants identify the following documents: TDF000159 through TDF000180.

24

## INTERROGATORY NO. 11

Please identify each person whom Defendants expects to call at trial as an expert witness or a treating medical practitioner and, as to each person, state his or her field of expertise, the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that it is premature.

## ANSWER

Defendants have not retained an expert witness at this time.

## INTERROGATORY NO. 12

Please identify any and all employees who had formally complained about discrimination in or at any of the Defendants' locations in the last five (5) years.  In the identification of such persons, please produce the following information pertaining to their complaint:

a.   The name, title, and approximate year the complaint was brought to Defendants' attention.

b.   The name and title of the individual that the complaint was produced to.

c.   The names and titles of other superiors whom had knowledge of the complaint.

d.   The steps/actions taken by Defendants to investigate the complaint, if any.

e.   The conclusions/findings of said steps/actions.

f.   The steps/actions taken by Defendants to address the complaint, if any.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for information related to prior allegations of discrimination over the past five years is overbroad, unduly prejudicial and not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants further object to this Interrogatory to the extent that it is overbroad. Plaintiff was a Trainee in TDF's Ready Willing & Able program located at the Gates Avenue

facility.  Any allegations that were made at other facilities or that involve claims other than sexual harassment, retaliation, or discrimination on the basis of race, gender or the status of being previously convicted are not relevant to the claims in this case.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by this Interrogatory ("the last five years") is neither reasonable nor appropriate given the claims in this case.

Defendants further object to this Interrogatory on the grounds that the information requested is publicly available.

## **ANSWER**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Williams v. The Doe Fund, Inc., et. al., Eastern District of New York, 1:17-cv-03582 (RJD) (ST).

## <u>INTERROGATORY NO. 13</u>

Please identify the location of the electronic or physical documentation of any and all internal investigations pertaining to any complaint formally or informally brought to the attention of Defendants.

### <u>OBJECTIONS</u>

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for information related to any and all internal investigations pertaining to any complaint formally or informally brought to the attention of Defendants is overbroad, unduly prejudicial and not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants further object to this Interrogatory to the extent that it is overbroad. Plaintiff was a Trainee in TDF's Ready Willing & Able program located at the Gates Avenue facility. Any allegations that were made at other facilities or that involve claims other than sexual harassment, retaliation, or discrimination on the basis of race, gender or the status of being previously convicted are not relevant to the claims in this case.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## **ANSWER**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As provided by FRCP 33(d), the answer to this Interrogatory with respect to Plaintiff is contained in records provided to Plaintiff as part of this case.  At this time, Defendants identify the following documents: TDF000159 through TDF000194.

## INTERROGATORY NO. 14

Please cite any and all policies pertaining to discrimination in the workplace.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request is overbroad and not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## ANSWER

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As provided by FRCP 33(d), the answer to this Interrogatory is contained in records provided to Plaintiff as part of this case. At this time, Defendants identify the following documents: TDF000195 through TDF000197.

30

## INTERROGATORY NO. 15

Identify all persons involved in that hiring of DEFENDANT COOPER.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for the identities of the persons involved in the hiring of Cooper is overbroad and not relevant to any Party's claims or defenses, or proportional to the needs of this case.

## ANSWER

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Craig Trotta made the decision to hire Defendant Cooper.

## INTERROGATORY NO. 16

Identify all persons involved in that transfer or termination of DEFENDANT COOPER.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for the identities of the persons involved in the transfer or termination of Cooper is overbroad and not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants further object to this Interrogatory on the grounds that the time period encompassed by said Interrogatory is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## ANSWER

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As provided by FRCP 33(d), the answer to this Interrogatory is contained in records provided to Plaintiff as part of this case. At this time, Defendants identify the following documents: TDF000159 through TDF000180.

32

## INTERROGATORY NO. 17

Identify all persons who were employees at the time of Plaintiff's residency at the DOE FUND that are no longer employed with DOE FUND as of January 23, 2018.

## OBJECTIONS

Defendants object to this Interrogatory on the grounds that the information sought by Plaintiff is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the proposed Interrogatory, and the importance of the Interrogatory in resolving the issues. Specifically, the request for the identities of the employees at the time of Plaintiff's residency at TDF that are no longer employed with TDF as of January 23, 2018 is overbroad and not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Interrogatory to the extent that it requests information related to facilities other than TDF's Gates Avenue facility. At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility. Therefore, all documents and information related to any facility, aside from Gates Avenue, are unrelated to this matter.

## ANSWER

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

The following people are no longer employed by TDF, but were employed by TDF during Plaintiff's residency at the Gates Avenue facility and, upon information and belief, possess knowledge regarding some of the facts surrounding Plaintiff's allegations: Elizabeth Hanson, Dashiell Porter, Kenise Etwaru, and Terry Cooper.

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By:      _____

Lori D. Bauer
Kevin P. Connolly
ATTORNEYS FOR DEFENDANTS
THE DOE FUND, INC. and JAMES
WASHINGTON

Dated:   April 5, 2018
         New York, New York

34

## VERIFICATION

I, Eunice Gilmore, declare under penalty of perjury that I have reviewed the foregoing Defendants The Doe Fund, Inc. and James Washington's Objections and Responses to Plaintiff's First Request of Interrogatories, and that they are true and correct to my knowledge or based on the information available to The Doe Fund, Inc.

Executed on April 2 , 2018

Eunice Gilmore

SANDRA LEWIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LE6320772
Qualified In Queens County
My Commission Expires March 09, 2019