UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY BROOKS,<br><br>                              Plaintiff,<br><br>           -against-<br><br>THE DOE FUND, INC.,<br>TERRY COOPER individually and in his official capacity,<br>JAMES WASHINGTON individually and in his official capacity, and<br>ANTHONY WIGGINS individually and in his official capacity,<br><br>                              Defendants. | Civil Action No.: 17-CV-3626 (PKC) (LB)<br><br>**DEFENDANTS THE DOE FUND INC. AND JAMES WASHINGTON'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS** |

Defendants The Doe Fund, Inc. ("TDF") and James Washington ("Washington") (collectively "Defendants") by and through their attorneys, Jackson Lewis P.C., as and for their objections, answers and responses to Plaintiff Gregory Brooks' First Set of Document Demands, hereby state as follows:

**GENERAL COMMENTS AND QUALIFICATIONS**

These General Comments and Qualifications are incorporated as if fully restated into each and every answer or response to Plaintiff's First Set of Document Demands.

Defendants have endeavored, at this stage of the litigation, to respond to Plaintiff's document requests on the basis of the best data now available. Although persons who are non-parties, and who are not now employees of TDF may have information relevant to the subject matter of Plaintiff's document requests, Defendants are not purporting to provide material, if any, presently possessed by such persons.

The objections above and answers and responses set forth herein are interposed on

behalf of Defendants.  Defendants reserve the right to produce additional information or documents which may be responsive to any document request should it become apparent, pursuant to the obligation to supplement responses under the Federal Rules of Civil Procedure and the Rules of this Court.

Finally, the responses set forth herein are made without waiving the following:

a.      the right to object to the extent of competency, privilege, relevancy, materiality, hearsay, authenticity or any other proper ground, to the use of any material or information produced herein, for any purpose in whole or in part, in any subsequent proceeding in this action or any other action;

b.      the right to object on any and all grounds, at any time, to other interrogatories, requests to admit, document requests or other discovery procedures involving or relating to the subject matter of the document requests responded to herein; and

c.      the right, at any time, to revise, correct, modify, supplement or clarify any of the responses provided herein.

All of Defendants' responses are made subject to the foregoing comments and qualifications.

2

## REQUEST NO. 1

Any and all documents in the possession or control of Defendants that relate or pertain to the Plaintiff, including, but not limited to, the following:

    a.  Work hours, work schedules, work attendance, including but not limited to, absences, tardiness, leaves of absence, flexible or other alternative work arrangements;

    b.  Any documents concerning Plaintiff's work performance, including, but not limited to, evaluations, employee corrective actions, warnings, and performance improvement plans;

    c.  Any documents concerning his job description, work assignments or job duties;

    d.  Any documents prepared or distributed by Defendant concerning Plaintiff's employment with Defendant in any way;

    e.  Any documents concerning Defendant's rules, regulations, customs or practices;

    f.  Any documents concerning any complaints made to Defendants by Plaintiff or his representative, or another employee of Defendants regarding Plaintiff.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants further object to this Request on the grounds that it is overbroad to the extent it seeks documents related to policies not applicable to Plaintiff.

3

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Request on the grounds that the phrases "any and all documents in the possession or control of Defendants that relate or pertain to the Plaintiff", "any documents prepared or distributed by Defendant concerning Plaintiff's employment with Defendant in any way", and "any documents concerning Defendant's rules, regulations, customs or practices" are vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds it seeks confidential business documents, the disclosure of which would be detrimental to TDF's competitive business position or result in disclosure of confidential, proprietary business information.

### <u>RESPONSE</u>

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

<u>See</u> accompanying documents designated Bates Nos. TDF000001 through TDF000180.

4

## REQUEST NO. 2

Any and all photographs, negatives, recordings and/or video of Plaintiff.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request to the extent that the requested documents are in Plaintiff's possession.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000146 through TDF000148.

## REQUEST NO. 3

Copies of any and <u>ALL</u> emails and text messages exchanged between Plaintiff and Defendants.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Request to the extent that the requested documents are in Plaintiff's possession.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Defendants are not in possession of any documents responsive to this Request. Defendants have not knowingly withheld any responsive documents on the basis of the above objections and are in the process of searching for responsive documents and will supplement accordingly to the extent necessary.

6

## REQUEST NO. 4

Copies of any and ALL emails and text messages exchanged between Defendant COOPER and Defendant DOE FUND's employees.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Defendants are not in possession of any emails and text messages exchanged between Defendant Cooper and TDF employees regarding the allegations asserted by Plaintiff. Defendants have not knowingly withheld any responsive documents on the basis of the above objections and are in the process of searching for responsive documents and will supplement accordingly to the extent necessary.

7

## REQUEST NO. 5

Any documents concerning Defendant DOE FUND's rules, regulations, customs or practices regarding it providing temporary housing for individuals, or providing beds for individuals.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Request to the extent that it requests documents related to facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility.  Therefore, all documents related to any facility, aside from Gates Avenue, are unrelated to this matter.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000001 through TDF000008 and TDF000158.

## REQUEST NO. 6

The COMPLETE PERSONNEL FILE OF PLAINTIFF including employment application, resume, acknowledgments of receipt of employment handbook and other documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request on the grounds that the phrase "Personnel File," however denominated, is vague, ambiguous and otherwise susceptible to multiple interpretations.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never an employee of TDF, TDF did not maintain a personnel file for Plaintiff.

9

## REQUEST NO. 7

The COMPLETE PERSONNEL FILE OF DEFENDANT COOPER including employment application, resume, acknowledgments of receipt of employment handbook and other documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request seeks prejudicial information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds it seeks confidential, sensitive and personal information disclosure of which would invade the privacy rights of a former TDF employee.

Defendants object to this Request on the grounds that the phrase "Personnel File," however denominated, is vague, ambiguous and otherwise susceptible to multiple interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

10

Notwithstanding the above objections, Defendants provided documents from Defendant Cooper's personnel file related to written warnings, complaints, and reprimands regarding inappropriate behavior/harassment over the five years preceding his termination. <u>See</u> accompanying documents designated Bates Nos. TDF000159 through TDF000194.

## REQUEST NO. 8

The COMPLETE PERSONNEL FILE OF DEFENDANT WASHINGTON including employment application, resume, acknowledgments of receipt of employment handbook and other documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request seeks prejudicial information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds it seeks confidential, sensitive and personal information disclosure of which would invade the privacy rights of a former TDF employee.

Defendants object to this Request on the grounds that the phrase "Personnel File," however denominated, is vague, ambiguous and otherwise susceptible to multiple interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Notwithstanding the above objections, Defendants searched for documents from Defendant Washington's personnel file related to written warnings, complaints, and reprimands regarding inappropriate behavior/harassment over the past five years and found no responsive documents.

## REQUEST NO. 9

The COMPLETE PERSONNEL FILE OF DEFENDANT WIGGINS including employment application, resume, acknowledgments of receipt of employment handbook and other documents, performance evaluations, written warnings, complaints, reprimands, and salary and benefit information.

## OBJECTIONS

Defendants object to this Request as Anthony Wiggins has been dismissed from this case.  Accordingly, his personnel file offers no relevance or probative value to the instant matter.

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request seeks prejudicial information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case

Defendants object to this Request on the grounds it seeks confidential, sensitive and personal information disclosure of which would invade the privacy rights of a former TDF employee.

Defendants object to this Request on the grounds that the phrase "Personnel File," however denominated, is vague, ambiguous and otherwise susceptible to multiple interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

14

## REQUEST NO. 10

The Plaintiff's COMPLETE SALARY AND WAGE RECORDS, payroll records, commission records, and W-2 forms for every year of his employment with Defendants.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence.  Specifically, Plaintiff was never an employee of TDF.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

## REQUEST NO. 11

Any and all documents that relate or pertain to ANY PERFORMANCE EVALUATIONS OR JOB REVIEWS of Plaintiff during his employment with Defendants.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

16

## REQUEST NO. 12

Any and all documents that relate or pertain to ANY PERFORMANCE EVALUATIONS OR JOB REVIEWS of DEFENDANT COOPER during his employment with Defendants.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds it seeks confidential, sensitive and personal information disclosure of which would invade the privacy rights of a former TDF employee.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant states as follows:

See Response to Request No. 7.

17

## REQUEST NO. 13

Any and all documents that relate or pertain to Plaintiff's ATTENDANCE AND LATENESS RECORDS, while employed by you, including, but not limited to, time cards and computerized time sheets.  If it is contended that Plaintiff's attendance record at work was less than satisfactory, please produce any and all documents that relate or pertain to such a contention.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence.  Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the ground that the phrase "Plaintiff's attendance and lateness records, while employed by you" is vague, ambiguous, and susceptible to a multitude of different interpretations.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

## REQUEST NO. 14

Any and all documents that relate or pertain to Plaintiff's ATTENDANCE AND LATENESS RECORDS while living or staying at any DOE FUND facility.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the ground that the phrase "Plaintiff's attendance and lateness records, while living or staying at any [TDF] facility" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant states as follows:

See accompanying documents designated Bates Nos. TDF000009 through TDF000142.

## REQUEST NO. 15

Any and all written job descriptions or any other documents that relate or pertain to the WORK DUTIES AND/OR RESPONSIBILITIES of each position held by Plaintiff or route that Plaintiff worked during his employment with Defendants.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

## REQUEST NO. 16

Any and all documents that relate or pertain to any write-ups, COMPLAINTS, COMMENTS, CRITICISMS OR WARNINGS, oral or written, concerning Plaintiff's work performance.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request on the ground that the phrase "write-ups, complaints, comments, criticisms or warnings, oral or written, concerning Plaintiff's work performance" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

<u>See</u> accompanying documents designated Bates Nos. TDF000009 through TDF000023, TDF000055 through TDF000085, and TDF000145.

## REQUEST NO. 17

Any and all documents that relate or pertain to any write-ups, COMPLAINTS, COMMENTS, CRITICISMS OR WARNINGS, oral or written, concerning Plaintiff living or staying at any DOE FUND facility.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the ground that the phrase "write-ups, complaints, comments, criticisms or warnings, oral or written, concerning Plaintiff's living or staying at any Doe Fund facility" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Request to the extent that it requests documents related to facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility.  Therefore, all documents related to any facility, aside from Gates Avenue, are unrelated to this matter.

## <u>RESPONSES</u>

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

<u>See</u> accompanying documents designated Bates Nos. TDF000001 through TDF000023.

## REQUEST NO. 18

Any and all documents that relate or pertain to any write-ups, COMPLAINTS, COMMENTS, CRITICISMS OR WARNINGS, oral or written, concerning Plaintiff's probation.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, TDF never controlled Plaintiff's probation eligibility.

Defendants object to this Request on the ground that the phrase "complaints, comments, criticisms or warnings, oral or written, concerning Plaintiff's probation" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As TDF never controlled Plaintiff's probation, TDF does not possess any documents responsive to this request.

## REQUEST NO. 19

Any and all PERSONNEL MANUALS, EMPLOYEE OR RESIDENT HANDBOOKS, benefits manuals and salary schedules which were in effect at any time during Plaintiff's employment with Defendants.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence.  Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, seeks information that is not relevant to any Party's claims or defenses or proportional to the needs of this case, and relates to policies not applicable to Plaintiff.

Defendants object to this Request on the ground that the phrase "salary schedules" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds it seeks confidential business documents, the disclosure of which would be detrimental to TDF's competitive business position or result in disclosure of confidential, proprietary business information.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

<u>See</u> accompanying documents designated Bates Nos. TDF000149-TDF000153 and TDF000195 through TDF000197.

## REQUEST NO. 20

Any and all SUPERVISOR MANUALS which were in effect at any time during Plaintiff's employment or association with Defendants.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, seeks information that is not relevant to any Party's claims or defenses or proportional to the needs of this case, and relates to policies not applicable to Plaintiff.

Defendants object to this Request on the ground that the phrase "supervisor manuals" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds it seeks confidential business documents, the disclosure of which would be detrimental to TDF's competitive business position or result in disclosure of confidential, proprietary business information.

## REQUEST NO. 21

Any and all documents that relate or pertain to Defendants' POLICIES on discipline (progressive or otherwise), termination, salary increases, promotions and/or severance pay which were in effect at any time during Plaintiff's employment with Defendants.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, seeks information that is not relevant to any Party's claims or defenses or proportional to the needs of this case, and relates to policies not applicable to Plaintiff.

Defendants object to this Request on the grounds it seeks confidential business documents, the disclosure of which would be detrimental to TDF's competitive business position or result in disclosure of confidential, proprietary business information.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000195 through TDF000197.

## REQUEST NO. 22

Any and all documents that relate or pertain to DOE FUND's insurance policy.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the Request is overbroad as TDF could have many insurance policies not relevant to this matter and the Request seeks information that is not relevant to any Party's claims or defenses or proportional to the needs of this case.

Defendants object to this Request to the extent it seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Defendants will produce a copy of relevant provisions of any applicable insurance agreement.

30

## REQUEST NO. 23

Any and all documents that relate or pertain to Plaintiff's medical or mental health.

## OBJECTIONS

Defendants object to this Request to the extent that producing any of Plaintiff's medical records without a signed Authorization from Plaintiff would be in violation of the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Defendants object to this Request to the extent that the requested documents are in Plaintiff's possession.

Defendants object to this Request on the ground that the phrase "Any and all documents that relate or pertain to Plaintiff's medical or mental health" is vague, ambiguous, and susceptible to a multitude of different interpretations.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Upon the execution of an appropriate HIPAA-compliant Medical Records Authorization, TDF shall provide Plaintiff's medical or mental health records that it has in its possession.

## **REQUEST NO. 24**

Any and all documents that relate or pertain to Defendant COOPER's medical or mental health.

## **OBJECTIONS**

Defendants object to this Request to the extent that producing any of Cooper's medical records without a signed Authorization from Cooper would be in violation of the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request seeks prejudicial information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it seeks personal and sensitive information regarding Defendant Cooper.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Request on the ground that the phrase "Any and all documents that relate or pertain to Defendant COOPER's medical or mental health" is vague, ambiguous, and susceptible to a multitude of different interpretations.

## **RESPONSES**

Without waiving the foregoing objections, and to the extent not objected to therein,

Defendants state as follows:

Defendants are not in possession of any documents responsive to this Request.

## REQUEST NO. 25

Any and all documents that relate or pertain to Plaintiff's requests to see his family.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the ground that the phrases "Any and all documents that relate or pertain to Plaintiff's request to see his family" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000009 through TDF000023 and TDF000086 through TDF000141.

**REQUEST NO. 26**

Any and all documents that relate or pertain to Plaintiff's requests for permission to arrive late at a DOE FUND facility.

**OBJECTIONS**

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the ground that the phrases "Any and all documents that relate or pertain to Plaintiff's requests for permission to arrive late at a DOE FUND facility" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

**RESPONSES**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000009 through TDF000023 and TDF000086 through TDF000141.

## REQUEST NO. 27

Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person, which mention discuss or refer to the Plaintiff's PERFORMANCE at Defendants' place of employment.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it assumes facts not in evidence.  Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request on the ground that it is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000009 through TDF000023 and TDF000145.

36

## REQUEST NO. 28

Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person, which mention discuss or refer to the Plaintiff's RESIDENCY at Defendant DOE FUND.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants further object to this Request on the grounds that Plaintiff's request for "Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person, which mention discuss or refer to the Plaintiff's RESIDENCY at Defendant DOE FUND" is overbroad and otherwise lacks sufficient precision to permit a response.

Defendants object to this Request to the extent that it requests documents related to facilities other than TDF's Gates Avenue facility. At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility. Therefore, all documents related to any facility, aside from Gates Avenue, are unrelated to this matter.

Defendants object to this Request on the ground that it is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

**<u>RESPONSE</u>**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

<u>See</u> accompanying documents designated Bates Nos. TDF000009 through TDF000023.

## REQUEST NO. 29

Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal, of harassment, discrimination and/or retaliation, which were made by Plaintiff against Defendants.

## OBJECTIONS

Defendants object to this Request to the extent that it requests information which is subject to the attorney-client privilege, the work product privilege, documents prepared in anticipation of litigation, the self-evaluative privilege, and/or by any other privilege recognized by statute, or at common law.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000159 through TDF000180.

## REQUEST NO. 30

Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person other than Plaintiff, against Defendants in the last four years.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request seeks prejudicial information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request to the extent it seeks documents regarding any complaints, charges, reports, or allegations made by persons other than Plaintiff that have no bearing on Plaintiff's claims herein.

Defendants object to this Request to the extent that it requests information which is subject to the attorney-client privilege, the work product privilege, documents prepared in anticipation of litigation, the self-evaluative privilege, and/or by any other privilege recognized by statute, or at common law.

Defendants further object to this Request to the extent it seeks information that is accessible through public information sources and is as readily obtainable and accessible to Plaintiff as it is to Defendants.

Defendants object to this Request to the extent that it requests documents related to

facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility.  Therefore, all documents related to any facility, aside from Gates Avenue, are unrelated to this matter.

Defendants object to this Request on the grounds that the time period encompassed by said Request is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

## **RESPONSE**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See Williams v. The Doe Fund, Inc., et. al., Eastern District of New York, 1:17-cv-03582 (RJD) (ST).

## REQUEST NO. 31

Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal, of sexual harassment, discrimination and/or retaliation, which were made by any person against any of Defendant DOE FUND's employee COOPER at any time.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request seeks prejudicial information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request to the extent it seeks documents regarding any complaints, charges, reports, or allegations made by persons other than Plaintiff that have no bearing on Plaintiff's claims herein.

Defendants object to this Request to the extent that it requests information which is subject to the attorney-client privilege, the work product privilege, documents prepared in anticipation of litigation, the self-evaluative privilege, and/or by any other privilege recognized by statute, or at common law.

Defendants object to this Request to the extent that it requests documents related to facilities other than TDF's Gates Avenue facility. At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility. Therefore, all documents related to any facility, aside from Gates Avenue, are unrelated to this matter.

42

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

## **RESPONSE**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

_See_ accompanying documents designated Bates Nos. TDF000159 through TDF000194.

## REQUEST NO. 32

Any and all documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding DISCRIMINATION which were in effect at any time while Plaintiff was employed by Defendant DOE FUND.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence.  Specifically, Plaintiff was never an employee of TDF.

Defendants further object to this Request to the extent it seeks documents related to policies not applicable to Plaintiff.

Defendants object to this Request on the ground that it is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds it seeks confidential business documents, the disclosure of which would be detrimental to TDF's competitive business position or result in disclosure of confidential, proprietary business information.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

## REQUEST NO. 33

Any and all documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding HANDLING OF EMPLOYEE COMPLAINTS OF HARASSMENT, which were in effect at any time while Plaintiff was employed by Defendant DOE FUND.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants further object to this Request to the extent it seeks documents related to policies not applicable to Plaintiff.

Defendants object to this Request on the ground that it is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds it seeks confidential business documents, the disclosure of which would be detrimental to TDF's competitive business position or result in disclosure of confidential, proprietary business information.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

## REQUEST NO. 34

Any and all documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding INVESTIGATION OF EMPLOYEE COMPLAINTS OF HARASSMENT, which were in effect at any time while Plaintiff was employed by Defendant DOE FUND.

## OBJECTIONS

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants further object to this Request to the extent it seeks documents related to policies not applicable to Plaintiff.

Defendants object to this Request on the ground that it is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds it seeks confidential business documents, the disclosure of which would be detrimental to TDF's competitive business position or result in disclosure of confidential, proprietary business information.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

46

## REQUEST NO. 35

Any and all documents that relate or pertain to any EMPLOYEES WHO WERE retaliated and or discriminated against during the last four years and worked at Defendants.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request to the extent it assumes facts that are not in evidence.  Specifically, no TDF employees were retaliated against and/or discriminated against.

Defendants object to this Request on the ground that the phrase "Any and all documents that relate or pertain to any EMPLOYEES WHO WERE retaliated and or discriminated against during the last four years and worked at Defendants" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

Defendants object to this Request to the extent that it requests documents related to facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility.  Therefore, all documents related to any facility, aside from Gates Avenue, are unrelated to this matter.

## RESPONSES

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant states as follows:

None.

47

## REQUEST NO. 36

Any and all documents that relate or pertain to any REPRIMAND, DEMOTION OR OTHER DISCIPLINARY action taken against the alleged Defendant COOPER, Defendant WIGGINS, and/or Defendant WIGGINS as a result of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, that he had engaged in harassment, discrimination and/or retaliatory conduct against any person other than Plaintiff, at any time during such employment and/or residency.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the ground that the phrase "Any and all documents that relate or pertain to any REPRIMAND, DEMOTION OR OTHER DISCIPLINARY action taken against the alleged Defendant COOPER, Defendant WIGGINS, and/or Defendant WIGGINS as a result of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, that he had engaged in harassment, discrimination and/or retaliatory conduct against any person other than Plaintiff, at any time during such employment and/or residency" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given

48

Plaintiff's claims in this case.

Defendants object to this Request to the extent that Anthony Wiggins is no longer a Defendant in this matter.

Defendants object to this Interrogatory on the grounds that it seeks confidential personal information regarding individuals not Parties to this lawsuit.

Defendants object to this Request to the extent that it requests documents related to facilities other than TDF's Gates Avenue facility.  At all relevant times, Plaintiff was a Trainee at TDF's Gates Avenue facility.  Therefore, all documents related to any facility, aside from Gates Avenue, are unrelated to this matter.

## **RESPONSE**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000181 through TDF000194.

## REQUEST NO. 37

Any and all documents pertaining to Defendants' termination of Plaintiff's employment.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues. Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that it assumes facts not in evidence. Specifically, Plaintiff was never an employee of TDF.

Defendants object to this Request on the ground that the phrase "Any and all documents pertaining to Defendants' termination of Plaintiff's employment" is vague, ambiguous, and susceptible to a multitude of different interpretations.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

As Plaintiff was never employed by TDF, TDF does not possess any documents responsive to this request.

## REQUEST NO. 38

Any and all documents pertaining to the end of Plaintiff's residency at the DOE FUND facility.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000001 through TDF000023.

## REQUEST NO. 39

Any and all documents supplied to any state or federal agency by Defendants regarding Plaintiff.

## OBJECTIONS

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000198 through TDF000218.

**REQUEST NO. 40**

Any and all documents showing communications between Defendants and any City, State or Federal Official concerning Plaintiff, including position statements given to the EEOC, NYC Commission on Human Rights, or NYS Division of Human Rights.

**OBJECTIONS**

Defendants object to this Request to the extent the subject matter is not relevant to any Party's claims or defenses and is not proportional to the needs of the case considering the importance of the issues at stake in this litigation, the amount in controversy, the Parties' relative access to information and resources, the burden and expense of the Request, and the importance of the Request in resolving the issues.  Specifically, the request is overbroad, and seeks information that is not relevant to any Party's claims or defenses, or proportional to the needs of this case.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

**RESPONSE**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000198 through TDF000218.

## REQUEST NO. 41

All documents identified or relied upon in answering each Interrogatory contained in Plaintiff's First Set of Interrogatories, or that refer to or reflect the information requested in those Interrogatories, other than documents produced in response to the Requests set forth below.

## OBJECTIONS

Defendants object to this Request to the extent that it requests information which is subject to the attorney-client privilege, the work product privilege, documents prepared in anticipation of litigation, the self-evaluative privilege, and/or by any other privilege recognized by statute, or at common law.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See accompanying documents designated Bates Nos. TDF000001 through TDF000218.

## REQUEST NO. 42

Any and all documents that relate or pertain to those persons who Defendants intend to call as an expert witness as well as the copy of said expert's report.

## OBJECTIONS

Defendants object to this Request to the extent that it requests information which is subject to the attorney-client privilege, the work product privilege, documents prepared in anticipation of litigation, the self-evaluative privilege, and/or by any other privilege recognized by statute, or at common law.

Defendants object to this Request on the ground that the phrase "Any and all documents that relate or pertain to those persons who Defendants intend to call as an expert witness as well as the copy of said expert's report" is vague, ambiguous, and susceptible to a multitude of different interpretations.

Defendants also object to this Request as it is premature.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Defendants have not retained an expert witness at this time.

## REQUEST NO. 43

Any documents pertaining to the Defendant DOE FUND's investigation into any of the Plaintiff's complaints of discrimination and retaliation.

## OBJECTIONS

Defendants object to this Request to the extent that it requests information which is subject to the attorney-client privilege, the work product privilege, documents prepared in anticipation of litigation, the self-evaluative privilege, and/or by any other privilege recognized by statute, or at common law.

Defendants object to this Request on the grounds that the time period encompassed by said Request is indefinite and undefined and is neither reasonable nor appropriate given Plaintiff's claims in this case.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

<u>See</u> accompanying documents designated Bates Nos. TDF000159 through TDF000180.

## **REQUEST NO. 44**

Any expert witness reports as well as any notes, memoranda or other items contained in said expert witness' file including all correspondence, email or otherwise between said expert and Defendants or Defendants' counsel.

## **OBJECTIONS**

Defendants object to this Request to the extent that it requests information which is subject to the attorney-client privilege, the work product privilege, documents prepared in anticipation of litigation, the self-evaluative privilege, and/or by any other privilege recognized by statute, or at common law.

Defendants also object to this Request as it is premature.

## **RESPONSE**

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

Defendants have not retained an expert witness at this time.

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: _____
Lori D. Bauer
Kevin P. Connolly
ATTORNEYS FOR DEFENDANTS
THE DOE FUND, INC. and JAMES
WASHINGTON

Dated:   April 5, 2018
         New York, New York