UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GREGORY BROOKS,

                     Plaintiff,

          - against -

THE DOE FUND, INC., JAMES
WASHINGTON, and TERRY COOPER,

                 Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-3626 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Gregory Brooks brought this action against Defendants The Doe Fund, Inc. ("TDF"), James Washington, and Terry Cooper, asserting various federal and state law claims of discrimination arising out of his time both receiving services from and working at TDF. On March 31, 2020, this Court issued a Memorandum & Order granting in part Defendants' motion for summary judgment and dismissing the federal claims with prejudice, while declining to exercise supplemental jurisdiction over the state law claims. (Mar. 31, 2020 Memorandum & Order ("March M&O"), Dkt. 84.) Before the Court is Plaintiff's motion, filed *pro se* on June 2, 2020, for reconsideration of the March M&O.[1] (Plaintiff's Letter Motion ("Pl.'s Letter Motion"), Dkt. 88.) For the reasons stated below, the Court denies the motion for reconsideration.

---

[1] Plaintiff has also filed a letter requesting that the Court excuse any delay in filing his motion for reconsideration, and seeking to supplement his EEOC complaint. (Dkts. 90, 93.) The Court considers these filings together with the motion for reconsideration.

## DISCUSSION[2]

### I.       Status of Plaintiff's Representation

Prior to this motion, Plaintiff was represented by counsel at all times during this action. Yet, Plaintiff submits this motion for reconsideration *pro se*.  While "it is 'well-settled in this circuit that a party may not proceed in federal courts represented by counsel and simultaneously appear pro se,'" *City of New York v. Venkataram*, No. 06-CV-6578 (NRB), 2009 WL 3321278, at *1 n.1 (S.D.N.Y. Oct. 7, 2009) (citation omitted), *aff'd*, 396 F. App'x 722 (2d Cir. 2010),"[p]ermitting such hybrid representation—in which a party is 'represented by counsel from time to time, but may slip into pro se mode for selected presentations'—is within the Court's discretion[,]" *Doe by & Through Doe v. E. Lyme Bd. of Educ.*, No. 11-CV-291 (JBA), 2019 WL 245461, at *1 (D. Conn. Jan. 17, 2019) (quoting *United States v. Rivernider*, 828 F.3d 91, 108  (2d Cir. 2016)).  Plaintiff's counsel, Kelly L. O'Connell, still appears as Plaintiff's attorney of record in this matter on the ECF docket sheet and, to date, has not submitted a request to withdraw as counsel.   Yet, in seeking reconsideration *pro se*, Plaintiff claims that O'Connell no longer represents him and that Plaintiff intends to find a new attorney.  (Pl.'s Letter Motion, Dkt. 88, at 29.)  Given that Ms. O'Connell has not appeared on Plaintiff's behalf since the motion was filed, despite two court orders directing Ms. O'Connell to file proof of mailing of the Court's orders to Plaintiff, and Plaintiff's assertion that he is currently unrepresented, the Court accepts and considers Plaintiff's *pro se* submission.  *See Venkataram*, 2009 WL 3321278, at *1 n.1

---

[2] The Court presumes the parties' familiarity with the factual allegations and procedural history of this case, which are set forth in detail in the March M&O.  (March M&O, Dkt. 84.)  The Court also adopts and incorporates herein the abbreviations and definitions used in the March M&O.

(considering plaintiff's *pro se* submission, even though plaintiff's attorney of record had not requested to withdraw).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted). However, as discussed, Plaintiff was represented at all times prior to this motion, including when the complaint was filed and when the motion for summary judgment was briefed.  Because those submissions were drafted by an attorney, they are "not entitled to the generous reading given to pro se complaints."[3] *Marquez v. Starrett City Assocs.*, 406 F. Supp. 3d 197, 205 (E.D.N.Y. 2017). However, the Court will liberally construe the instant *pro se* motion for reconsideration filed by Plaintiff.

## II.      Timeliness of Plaintiff's Motion

Based on the arguments Plaintiff's motion raises, it could be regarded as a Rule 59(e) motion, which does not limit the grounds for reconsideration.  *See* Fed. R. Civ. P. 59(e).  However, a Rule 59(e) motion must be filed no later than twenty-eight days after the entry of judgment.  *See id.*  Here, the judgment was entered on March 31, 2020 (*see* Clerk's Judgment, Dkt. 85) and

---

[3] Plaintiff asserts that the Court should construe his prior counseled pleadings liberally, arguing that "[i]f [the Court] found it odd that the Plaintiff was complaining about sexual harassment but [Plaintiff's] counsel did not file sexual harassment [claims], [the Court] did have an obligation to construe his pleadings liberally."  (Pl.'s Letter Motion, Dkt. 88, at 27.)  Plaintiff also argues that the Court, upon realizing that Plaintiff had not asserted a Title VII sex discrimination claim, should have "petitioned Plaintiff into court to inform Plaintiff of this oddity, so Plaintiff could have sworn knowledge and consent."  (*Id.*)  However, Plaintiff was represented by retained counsel and the Court therefore was not obligated to accord him the same protections afforded to *pro se* litigants.  *Cf. Triestman*, 470 F.3d at 475 ("[I]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." (citation omitted)).

Plaintiff's letter motion was postmarked May 26, 2020, *i.e.*, beyond the 28-day time limit (Pl.'s Letter Motion, Dkt. 88, at 35).  Because the Court does not have the authority to extend the time to file a Rule 59(e) motion for reconsideration, *see* Fed. R. Civ. P. 6(b)(2), the Court considers Plaintiff's motion under Rule 60(b), which allows reconsideration "within a reasonable time."  *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely [Rule 59(e)] motion for reconsideration is treated as a Rule 60(b) motion." (citation omitted)); *see* Fed. R. Civ. P. 60(c).[4]

## III.    Plaintiff's Rule 60(b) Motion

"Rule 60(b) provides for relief from judgment on any of several grounds specified in five numbered subparts, *see* Fed. R. Civ. P. 60(b)(1)–(5), and under a sixth, catch-all provision allowing for relief for 'any other reason,' Fed. R. Civ. P. 60(b)(6)."  *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (summary order).  "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary."  *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (internal quotation marks, alteration, and citations omitted).  "Rule 60(b) will be broadly construed to do substantial justice, while respecting that final judgments should not be lightly reopened."  *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 183 (2d Cir. 2017) (internal quotation marks and citation omitted).  In fact, "[r]elief under Rule 60(b) is 'generally not favored and is properly

---

[4] Plaintiff requests more time for him to prepare a second motion for reconsideration with a new attorney.  (Pl.'s Letter Motion, Dkt. 88, at 29.)  To the extent Plaintiff intends to file a second motion for reconsideration, the Court reminds him of the relevant rule: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c). As with Rule 59(e) motions, the Court does not have the authority to extend the one-year deadline for Rule 60(b) motions.  *See* Fed. R. Civ. P. 6(b)(2).

granted only upon a showing of exceptional circumstances.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).

"[I]n applying for relief under Rule 60(b), the movant must present highly convincing evidence, show good cause for the failure to act sooner, and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020) (summary order) (internal quotation marks and citation omitted). "[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Spaulding v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (citation omitted).

Because Plaintiff does not argue reconsideration is warranted because of newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party,[5] the judgment being void, or the judgment having been satisfied, released, or discharged, the Court examines Plaintiff's motion under Rule 60(b)(1) and (6).

### A.    Rule 60(b)(1)

Rule 60(b)(1) provides relief from judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

---

[5] Plaintiff argues that his counsel's failure to assert a Title VII sex discrimination claim raises suspicions of collusion between Plaintiff's counsel and Defendants, and requests that "email communications from attorney to client be inspected," and that all payments, "known and unknown to Plaintiff and [the Court,] . . . from Defendant to attorney[]s Derrick Smith and Kelly O'Connell and Marwan Porter or any affiliates or parties" be discovered. (Pl.'s Letter Motion, Dkt. 88, at 27.) The Court finds that such an accusation of unethical or fraudulent conduct by attorneys without support does not warrant relief under Rule 60(b)(3). *See Spaulding*, 407 F. Supp. 3d at 150 ("Unsupported allegations without evidence are insufficient to justify relief under Rule 60(b)(3)." (citations omitted)).

1.   <u>Mistake of the Attorney</u>

"Relief from counsel's error is usually sought pursuant to Rule 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect." *Webb v. City of New York*, No. 08-CV-5145 (CBA) (JO), 2010 WL 3394537, at *3 (E.D.N.Y. Aug. 23, 2010) (internal quotation marks and citations omitted). However, "[a]n attorney's negligence does not [] provide grounds for relief under Rule 60(b)(1)." *Hill v. World Class Auto. Corp.*, No. 06-CV-2496 (SLT) (RLM), 2008 WL 4809445, at *3 (E.D.N.Y. Nov. 4, 2008) (citations omitted); *see also Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) ("Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." (citations omitted)); *Webb*, 2010 WL 3394537, at *3 ("The Second Circuit . . . has consistently declined to relieve a client under [Rule 60(b)(1)] of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the [l]atter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." (citations omitted)). This is because "an attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary." *Nemaizer*, 793 F.2d at 62–63. "[A] person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Id.* at 62.

Plaintiff argues that the failure to assert a Title VII sex discrimination claim was due to his counsel's mistake and he should not suffer the consequences because he was not aware of it. (Pl.'s Letter Motion, Dkt. 88, at 25–26.) Plaintiff states that he "was under the impression that a Title VII [sexual harassment claim] was filed with the [Court]" and "had no knowledge that [a] Title VII [sexual harassment claim] was not filed through [his] attorneys." (*Id.* at 1.) Plaintiff alleges

that he "was not allowed to be present at court dates . . . [or] for any communications between Defendant and Plaintiff counsel."[6]   (*Id.* at 26.)   Plaintiff additionally complains of "ineffective assistance of counsel" on the basis that Plaintiff "requested many things of [his] attorney that [he] never received[,]" that Plaintiff "did not receive responses to many [of his] inquiries, and [that] apparently [Plaintiff's] Attorney was not informing the [C]ourt[] properly through filing[,] although they were supplied with all information in a timely manner from Plaintiff."   (*Id.* at 16, 26.)   For support, Plaintiff provides various correspondence between Plaintiff and his counsel.   (*Id.* at 16–24.)

Plaintiff's complaints about the inadequacy of his counsel are unavailing.   Despite Plaintiff's claim of ineffective assistance of counsel, "a lawyer's purported shortcomings present no cognizable ground for relief in a civil matter, where the Sixth Amendment right to counsel does not apply."   *Singh v. Home Depot U.S.A., Inc.*, 580 F. App'x 24, 25 (2d Cir. 2014) (summary order).   It is immaterial whether the failure to assert a Title VII sex discrimination claim was a deliberate choice of Plaintiff's counsel or a result of their negligence.   Neither are grounds for Rule 60(b)(1) relief.   *See Nemaizer*, 793 F.2d at 62; *Hill*, 2008 WL 4809445, at *3.   Therefore, Plaintiff's misgivings about his counsel, or dissatisfaction with their representation, are insufficient to warrant relief under Rule 60(b)(1).   "In circumstances such as these, plaintiff's recourse is limited to pursuing a negligence action against counsel."   *Hill*, 2008 WL 4809445, at *4 (internal quotation marks, alteration, and citation omitted).

---

[6] The Court interprets Plaintiff as arguing either or both that had he been present at any of the court proceedings, he would have realized that his counsel had failed to assert a Title VII sex discrimination claim on his behalf (and could have instructed his attorney to do so), and/or that his counsel deliberately kept him from attending the court proceedings in order to conceal this failure from Plaintiff.   For the reasons previously discussed, the Court rejects the latter suggestion to the extent that it is part of Plaintiff's unsupported collusion argument.

2.      Mistake of the Court

"Rule 60(b)(1) is available for a district court to correct legal errors by the court," *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (internal quotation marks and citations omitted), as well as "the district court's own mistake of fact," *Niederland v. Chase*, 425 F. App'x 10, 11 (2d Cir. 2011) (summary order) (citations omitted).  However, "Rule 60(b)(1) motions . . . based on district court mistakes are generally deemed untimely if made after the deadline for filing a notice of appeal[,]" which is within thirty days after the entry of judgment.  *Id.* at 12 (citation omitted); *see* 28 U.S.C. § 2107(a).  "One of the reasons for not permitting Rule 60(b)(1) motions to correct court errors after the deadline for appeal is to prevent the rule from becoming a vehicle to assert an otherwise time-barred appeal."  *Niederland*, 425 F. App'x at 12 (citations omitted).

Plaintiff expends significant effort to explain and provide color for certain facts noted in the Court's March M&O.  To the extent that Plaintiff seeks reconsideration on the basis of any factual or legal errors by the Court, Plaintiff's motion is time-barred because it was filed beyond the deadline for filing an appeal.  In addition, "it is well established that a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided[,]" *id.* (internal quotation marks and citation omitted), which is plainly the case here.

Plaintiff's arguments are unavailing on the merits as well.  Plaintiff disputes the Court's finding that none of Plaintiff's alleged retaliatory actions were adverse employment actions for purposes of a Title VII retaliation claim.[7]  Plaintiff largely repeats his allegations that he was given

---

[7] Plaintiff also alleges that he was subject to "threats of physical violence and intimidation." (Pl.'s Letter Motion, Dkt. 88, at 8.)  Plaintiff does not say specifically by whom.  But, assuming that Plaintiff is alleging that the defendants in this action were the perpetrators, the Court disregards this allegation, which is being made for the first time, because it does not constitute newly discovered evidence under Rule 60(b)(2), as Plaintiff could have made this allegation before.  To the extent that Plaintiff is arguing that Defendant Cooper's statement to Plaintiff, "You say, this mother fucker[,]" was a threat of physical violence and intimidation and that Defendant TDF

the run-around about his route assignment and, on one occasion, forced to stand on the corner to wait for a new assignment, which he "believes . . . was a means to frustrate and discourage Plaintiff from working and deny work hours." (Pl.'s Letter Motion, Dkt. 88, at 8, 10–11.) Plaintiff also asserts that "he was confronted in a hostile manner, intimidated, threatened and told to sit in a corner, threatened to be kicked out of the program and threatened [with being] . . . falsely arrested by the police"; that a TDF employee intentionally disrupted his sleep; and that Plaintiff was given the "runaround" about his housing voucher. (*Id.* at 9–10, 13–14.) However, the Court did not overlook these allegations in granting summary judgment for Defendants, and has ruled that these difficulties, which Plaintiff encountered both during and after his purported employment at TDF, were insufficient to state an adverse employment action. (March M&O, Dkt. 84, at 21–28.) Other than Plaintiff's subjective belief, Plaintiff does not provide any reason for why the Court's determination was erroneous.

Plaintiff argues that being subject to false write-ups was sufficient to state an employment adverse action for retaliation claims (Pl.'s Letter Motion, Dkt. 88, at 9–10)—a claim that the Court has already considered and rejected (March M&O, Dkt. 84, at 24). In seeking reconsideration of

---

intentionally arranged for Plaintiff and Defendant Cooper to be in the same place at the same time as part of a campaign to threaten or intimidate Plaintiff (*id.* at 8–9), the Court found in the March M&O that these allegations are insufficient to state an adverse employment action. (March M&O, Dkt. 84, at 25–26.) Plaintiff does not now provide any justification for finding otherwise.

Similarly, in several paragraphs of his motion, Plaintiff details his experience at the TDF under the heading, "Previous complaint made by Plaintiff," and adds new allegations that were not previously presented to the Court. (Pl.'s Letter Motion, Dkt. 88 at 10–11.) For instance, Plaintiff alleges that Wiggins cautioned Plaintiff that "either you are going to do the program the way it is or you leave." (*Id.* at 10.) Based on the Court's review of the record, Plaintiff did not testify to this comment during his deposition and did not rely on it in his opposition to the motion for summary judgment. Because these allegations were not, but could have been, asserted previously, they do not constitute newly discovered evidence under Rule 60(b)(2), and the Court declines to consider them.

that ruling, Plaintiff offers only an incomplete and unattributed quote: "The law states 'if an employee reported safety violations at work, was injured, attempted to join a union, or reported regulatory violations by management, and management['s] response was to harass and pressure the employee to quit by imposing unwarranted discipline . . .'" (*Id.* at 9 (ellipsis in original).)[8] Even assuming the validity of the principle that Plaintiff appears to be relying upon, *i.e.*, that unwarranted discipline imposed on an employee for engaging in protected activities, such as reporting safety or regulatory violations or joining unions, may constitute Title VII retaliation, it does not provide a basis for the Court to reconsider its prior ruling, because, as the Court previously found, Plaintiff has failed to put forth sufficient evidence upon which a reasonable jury could find that he had been subjected discipline that was "of such a serious or consequential nature to dissuade a reasonable worker from making or supporting a charge of discrimination." (March M&O, Dkt. 84, at 24 (internal quotation marks, alteration, and citation omitted).) Therefore, Plaintiff has not shown that the Court misapplied the law.[9]

Accordingly, Plaintiff's motion is denied under Rule 60(b)(1).

---

[8] The Court is unable to determine the source of this quote either through a search of Westlaw or the Court's March M&O.

[9] Plaintiff also disputes parts of the Court's summary of his sexual harassment allegations in the March M&O. Plaintiff explains that he did not report a certain sexual harassment incident, because "Plaintiff did not know how to report such an incident at that point." (Pl.'s Letter Motion, Dkt. 88, at 1.) Plaintiff also disputes that during another incident, the purpose of his conversation with Defendant Cooper was not to discuss "his route assignment," as described in the March M&O, but to record Defendant Cooper in an attempt to get incriminating evidence. (*Id.* at 2.) These contentions seem to suggest that the Court did not find Plaintiff's story credible. However, the Court did not make any determination with respect to Plaintiff's credibility and at no point in its decision faulted Plaintiff's failure to report or his contact with Defendant Cooper. These facts are irrelevant to the initial question of whether Plaintiff asserted a Title VII sex discrimination claim and do not provide grounds for reconsideration.

### B.      Rule 60(b)(6)

"Rule 60(b)(6) authorizes a district court to grant relief to a moving party for any [other reason] that justifies relief.  It is a grand reservoir of equitable power to do justice in a particular case." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Relief [under Rule 60(b)(6)] is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served."  *United Airlines, Inc.*, 588 F.3d at 176 (internal quotation marks and citation omitted).

"Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed."  *Stevens*, 676 F.3d at 67–68 (citation omitted); *id.* at 67 ("Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." (internal quotation marks and citations omitted)).  "In typical civil proceedings, this Court very rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct. The rationale for this principle was best expressed by Justice Harlan in *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)."  *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (first citation omitted).  There, Justice Harlan explained that:

> [t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* (quoting *Link*, 370 U.S. at 633–34).  "To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the

abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Id.* (citations omitted).

Plaintiff requests that the Court "reconsider its decision in the interest of justice." (Pl.'s Letter Motion, Dkt. 88, at 26.) Plaintiff argues that, in effect, he

> represents hundreds of men that ha[ve] been sexually harassed or assaulted by Defendant Cooper.[10] Plaintiff was the only one of the men to summon the courage to speak out and expose the hidden crimes of the Doe Fund. To deny Plaintiff justice because an attorney may have forgot[ten] to technically declare [Title VII] sexual harassment, and to ignore all of the additional evidence recordings, documents, files etc. complaining of sexual harassment along with the mountains of evidence provided by the Plaintiff himself, would be a grave error of the [Court]. It would not only deny proper justice to Plaintiff, but also to the hundreds of other victims that Plaintiff represents as well as the community.

*Id.* While the Court is sympathetic to the injustice Plaintiff claims, his allegations of attorney misconduct and inadequacy are insufficient to warrant Rule 60(b)(6) relief. Plaintiff does not allege that his counsel abandoned the case altogether and, in fact, Plaintiff's counsel prepared Plaintiff's opposition to Defendants' motions for summary judgment. To the extent that Plaintiff alleges gross negligence, the Second Circuit has "consistently" resisted granting Rule 60(b)(6) relief for the gross negligence of a party's lawyer. *Stefanopoulos v. City of New York*, 299 F. App'x 49, 50 (2d Cir. 2008) (summary order) (collecting cases). In addition, Plaintiff is not entirely without recourse, as his state law claims asserting sex discrimination were dismissed without prejudice to refile in state court. Therefore, Plaintiff has not shown extraordinary circumstances warranting Rule 60(b)(6) relief.

## IV.    Plaintiff's Motion to Amend

Liberally construed, Plaintiff's motion could be considered as a motion to amend under Rule 15(a), seeking to add various claims of sexual harassment, hostile work environment, and

---

[10] Plaintiff did not assert any class action claims.  (*See generally* Complaint, Dkt. 1.)

discrimination on the basis of conviction status and gender discrimination under Title VII.  (Pl.'s Letter Motion, Dkt. 88, at 15.)

The Second Circuit has held that "[o]nce judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  *Janese v. Fay*, 692 F.3d 221, 229 (2d Cir. 2012) (citation omitted); *see Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." (citation omitted)).  "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."  *Janese*, 692 F.3d at 229 (citations omitted).  "[H]owever, [] considerations of finality do not always foreclose the possibility of amendment, even when leave to replead is not sought until after the entry of judgment."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011).  "[I]t might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment."  *Id.* (citations omitted).  However, "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly."  *Ruotolo*, 514 F.3d at 192 (citation omitted).

"A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted).  "Where a party seeks leave to amend after a period of delay, the burden is on the party who wishes to amend to provide a satisfactory explanation for the delay, and the court is free to conclude that ignorance of the law is an unsatisfactory excuse."  *Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75, 76 (2d Cir. 2018)

13

(summary order) (internal quotation marks, alterations, and citation omitted).  "Prejudice may be found, for example, when the amendment is sought after discovery has been closed."  *N.H. Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 123 (S.D.N.Y. 2009); *see Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) (summary order) (affirming denial of motion to amend and finding of prejudice, where defendants "had already deposed [plaintiff], otherwise completed discovery, and moved for summary judgment, and [plaintiff's] original complaint could not fairly be read to assert a claim for gender discrimination based on unequal terms and conditions of employment").

Here, the Court has concluded that Plaintiff is not entitled to relief under Rule 60(b), which would in most cases foreclose Plaintiff's motion to amend his complaint.  Even taking into account the nature of a potential motion to amend the complaint in this case, the Court finds that it should still be denied, considering that before the entry of judgment, the case had been ongoing for almost three years, discovery had long closed, and the motions for summary judgment had been fully briefed.  *See McCarthy*, 482 F.3d at 202 (affirming denial of motion to amend and finding inordinate delay, where "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint").  Plaintiff did not once seek to amend during this inordinate delay, even though Plaintiff or his counsel knew or should have known of the basis for the amendment.  *See Frenkel v. N.Y.C. Off-Track Betting Corp.*, 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009) ("[T]he Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." (internal quotation marks and citation omitted)), *opinion adopted*, 701 F. Supp. 2d 544 (S.D.N.Y. 2010).

Plaintiff argues that Defendant TDF had been on notice about Plaintiff's sexual harassment claim, because he had complained to Defendant TDF following the incident with Defendant Cooper, and would not be harmed by the amendment.[11]  (Pl.'s Letter Motion, Dkt. 88, at 25.)  However, Defendants have also presumably relied on the Complaint filed in this action and proceeded accordingly during discovery and the summary judgment stage.  By Plaintiff's own admission and request, additional discovery would be needed.  (See id. at 16 ("Plaintiff has a right to interview and request an investigation of other employees that ha[ve] been [s]upervised by Defendant Cooper"); id. at 22 ("Plaintiff request[s] that the court demand that all filings and request for information [be] reset. . . .  Plaintiff ask that courts intervene and force Defense to produce.").)  For this reason, and because the resolution of the dispute would be significantly delayed, the proposed amendment would be prejudicial to Defendants.  See Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (finding prejudice would result if a new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute" (citation omitted)).

The only reason Plaintiff has provided for the inordinate delay is the negligence of his counsel and his own ignorance of the law.  However, granting the proposed amendment would allow Plaintiff to "avoid the consequence of [his counsel's] acts [and] omissions." Nemaizer, 793 F.2d at 62.  Plaintiff's explanation for the inordinate delay does not satisfy the more exacting

---

[11] Plaintiff also argues that "Defendant TDF is not unfairly prejudiced by any addition to Title VII," because "Defendant['s] participation in crime makes the Defendant the aggressor" and "Defendant has possibly broken multiple federal and state laws by withholding and destroying evidence from a crime."  (Pl.'s Letter Motion, Dkt. 88, at 27–28.)  However, whether Defendants are civilly or criminally liable is largely irrelevant to the procedural question of whether a motion to amend should be granted under Rule 15(a), where judgment has already issued and the movant knew or should have known of the same alleged liability when the original complaint was filed and before the case has been fully litigated.

15

standard for amending the complaint after the entry of judgment. *See Scott v. City of N.Y. Dep't of Corr.*, No. 04-CV-9638 (SHS) (GWG), 2007 WL 4178405, at *4 (S.D.N.Y. Nov. 26, 2007) (finding attorney misconduct did not support a finding of good cause); *Lastra v. Weil, Gotshal & Manges LLP*, No. 03-CV-8756 (RJH) (RLE), 2005 WL 551996, at *4 (S.D.N.Y. Mar. 8, 2005) ("Claims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect."); *Yurman Design Inc. v. Chaindom Enters., Inc.*, No. 99-CV-9307 (JFK), 2001 WL 725291, at *2 (S.D.N.Y. June 27, 2001) ("[T]he failure of an attorney to recognize a potential cause of action is not a sufficient justification for granting leave to amend a complaint.").

Accordingly, to the extent that Plaintiff seeks to add new claims to his complaint, the motion to amend is denied.

## V.   Plaintiff's Other Contentions

Plaintiff makes several additional arguments and requests that are largely irrelevant to the Rule 60 analysis.  The Court finds them to be unpersuasive.

First, in addition to seeking to add new claims, Plaintiff asserts that he has asserted a Title VII sex discrimination all along, because "Plaintiff commenced this action of sexual harassment the moment Plaintiff was touched."  (Pl.'s Letter Motion, Dkt. 88, at 15.)  However, this is an inaccurate understanding of civil procedure, as "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Plaintiff also argues that the Court should take into consideration a complaint that was ostensibly dated July 21, 2016, but was never filed with the Court.[12]  (Pl.'s Letter Motion, Dkt. 88 at 3–4.)  Plaintiff explains that this complaint was "written

---

[12] This action was commenced on June 15, 2017.  (*See* Complaint, Dkt. 1.)

by Plaintiff on the day of the assault" and "in [] Plaintiff['s] own words" and that "Plaintiff presented [the] attorney with copies of [the] original complaint, which was also filed with the Doe Fund."  (*Id.* at 15, 25.)  "Plaintiff request[s] that the [Court] [] take some action to rectify this technical error of filing and use [the] original complaint as a Title VII [complaint] as it was written before the limit and in the words of the Plaintiff himself under penalty of perjury, not counsel." (*Id.* at 27.)  However, despite Plaintiff's claim that "the [Court] ha[s] records of [this] original complaint" (*id.* at 25), it was never made part of the record.  In contrast, the complaint that is in the record does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief" for sex discrimination under Title VII.  *See* Fed. R. Civ. P. 8(a)(2).  Therefore, the fact that Plaintiff complained to Defendant TDF about being discriminated against on the basis of his sex before he initiated this action does not cure the deficiency in his pleadings.[13]

Second, Plaintiff requests that this Court "launch a federal investigation into the years of sexual harassment and assault of this Supervisor Defendant Cooper and the Doe Fund," claiming that "[o]nce the federal courts were made aware of a statutory crime there should have been a federal investigation launched for fact finding and proper disciplinary measures should have followed."  (Pl.'s Letter Motion, Dkt. 88, at 2.)  Notwithstanding the fact that the alleged crime of sexual harassment probably does not fall under federal jurisdiction, the Court has limited authority to review prosecutorial decisions, much less the power to order a federal investigation or to compel

---

[13] Because the Court has found that Plaintiff did not assert a Title VII sex discrimination claim, the Court does not discuss its underlying merits and does not consider Plaintiff's arguments that his allegations sufficiently stated sexual harassment and hostile work environment (*see* Pl.'s Letter Motion, Dkt. 88, at 2, 4 (arguing that Plaintiff's allegations were "no simple teasing, or offhand comment, or isolated incident")), or that Defendant TDF is liable for condoning Defendant Cooper's actions (*see id.* at 5–7 (arguing that "[t]he Doe Fund was knowledgeable [sic] and therefore responsible and liable as they allowed the sexual assaults to continue daily prior to current claim"); *see also id.* at 30–32).

prosecution.  *See United States v. Avenatti*, 433 F. Supp. 3d 552, 561 (S.D.N.Y. 2020) ("This broad [prosecutorial] discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)); *Houston v. Nassau County*, No. 08-CV-197 (JFB) (WDW), 2011 WL 477732, at *3 (E.D.N.Y. Feb. 2, 2011) ("[B]oth the Supreme Court and Second Circuit have made clear that the decision regarding whether or not to initiate prosecution is a quintessential prosecutorial function that is entitled to absolute immunity.").  Generally, the Court's authority to request a criminal investigation—which does not, in any event, extend to ordering one—is limited to conduct that directly affects the judicial process or court proceedings, such as contempt of court.  *See ACLI Gov't Sec., Inc. v. Rhoades*, 989 F. Supp. 462, 467–68 (S.D.N.Y. 1997) (discussing courts' ability to "request the appropriate prosecuting authority to prosecute contempt actions"), *aff'd*, 159 F.3d 1345 (2d Cir. 1998); *see also* Fed. R. Crim. P. 42(a)(2) ("The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney.  If the government declines the request, the court must appoint another attorney to prosecute the contempt.").  Therefore, the Court denies Plaintiff's request that the Court direct a federal criminal investigation into TDF or Defendant Cooper.

Lastly, Plaintiff seeks the recusal of the undersigned and the transfer of this action to the District Court for the Southern District of New York on the basis of prejudice against Plaintiff. Plaintiff alleges that he "learned from Attorney O'Connell in a recorded discussion with attorney that Judge Pamela K Chen made bias[ed] comment against prisoners.  Judge Chen exclaimed that Plaintiff was 'in prison so why is he complaining about sexual abuse?  He should be used to it.'" (Pl.'s Letter Motion, Dkt. 88, at 32.)  While Plaintiff concedes that "[o]n phone discussion with Plaintiff Attorney O'Connell attempted to change her original statement that the Judge that made

[the] comment was Judge Bloom and not Judge Chen," he still believes that the undersigned made the inappropriate comment. (*Id.*)  This argument is wholly without merit.  First, the comment cannot be attributed to the undersigned, because, as shown by the ECF docket, the undersigned has never held a conference or hearing with the parties.  Second and setting aside the Court's rejection of any suggestion that the Honorable Lois Bloom made such a comment, Plaintiff's motion for recusal and transfer is moot because the case has been closed.  *Whitnum v. Emons*, 767 F. App'x 195, 196 (2d Cir. 2019) (summary order) (deeming the motion for recusal moot, where the case had been closed).

## CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration.

SO ORDERED.

*/s/ Pamela K. Chen* _____
Pamela K. Chen
United States District Judge

Dated: September 24, 2020
         Brooklyn, New York